### LOCKE AND CO. *vs.* DAKIN AND DAKIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where an auditor has been appointed, when he commences his proceed-
ings, the first act is to take the oath, which must be in writing at the
foot of the order of court, and annexed to his report.

In all cases, whether the auditors have been specially requested or not,
by the party, they must be sworn, and must give notice to the adverse
party.

The circumstance, that an auditor made his report without taking the
oath, but swore to it before homologation, is insufficient to cure the
defect.   Had the auditor taken his oath at any time before completing
his business, it would be sufficient.

This is an action on an account rendered, against the de-
fendants, for materials and articles furnished, and work done
at their instance, and employed in the building of four
houses for Messrs. Field, Pritchard, Gasquet and Bringier.
The plaintiffs pray for judgment against the defendants, for

two thousand two hundred and eighty-eight dollars, the amount of their account, to be paid by a privilege on the buildings.

ˈThe defendants·pleaded a general denial; and denied that the plaintiff had furnished materials and performed the ˈwork charged, and required strict and legal proof of their ˌaccount; ˈthat a note of eight hundred dollars had been ·given and paid, which should be deducted; and took various other exceptions to the account.

After the cause was at issue, the court ordered it to be ·referred to auditors to·examine and report on, and the parties were each required to name one. ˈThe plaintiffs named O. ˈP. Jackson, Esq. Ten days after, the counsel for the plaintiffs took an order on the defendants, to show cause why the report of the auditor then filed, should not be confirmed.

The defendants opposed the confirmation of the auditor's ˈreport, on the ground that the auditor was not sworn according to law before proceeding to take the testimony of witnesses, and that said report is wholly incorrect.

It appears that some. .time after·the report was made, and ˈwhile the rule was pending to have the report confirmed, the ·auditor filed his affidavit to the fidelity of the report, and that ˈno request had been made, by either of the parties, at the ˈtime of entering upon the duties of his appointment, to take ˈthe oath.

The judge presiding overruled the objections to the report, ˌand made the rule absolute, by confirming it and making it the basis of his judgment, being for the plaintiff. The defendants appealed.

ˈCarter, ˈfor the plaintiffs, prayed for the affirmance of the ˌjudgment, as being correct and full justice done to the parˈties. The auditor reported a balance of one thousand three hundred and twenty-nine dollars in favor of the plaintiffs, ·after allowing ǎll credits.

2. The only objection made to this report, is the fact that the auditor was not sworn *before* he entered upon his duties. ˌUpon·this objection, being overruled by ·the court below, the

case now comes up. Judge Jackson was a sworn <span style="float:right">EASTERN DIST.</span>
officer; both parties appeared before him, and no de- <span style="float:right">*May*, 1840.</span>
mand was made that he should be sworn as auditor. <span style="float:right">LOCKE ET AL.</span>
Before the report was confirmed, however, he took an oath <span style="float:right">*vs.*</span>
that he had faithfully, &c., performed the duties of auditor <span style="float:right">DAKIN & DAKIN.</span>
in the case.

The article 448, of the Code of Practice, says, that the auditor must, at the *request* of either of the parties, take an oath, &c. No request was made in this case.

*I. W. Smith*, and *Elmore & King*, for the defendants, insisted that the affidavit of the auditor, even if admissible in evidence, does not cure the radical defect of the auditor not having been previously sworn. *Code of Practice*, 448. The party who wishes to avail himself of the report, must show that the necessary formalities have been complied with.

*Simon, J.*, delivered the opinion of the court.

Plaintiffs seek to recover a balance of account for materials furnished defendants for erecting four houses. The cause was referred to an auditor, who, after having taken, in writing, the testimony presented to him, reported a balance in favor of plaintiffs. The report was filed; and on the 14th of July, 1838, the plaintiffs' counsel obtained a rule on the defendants, to show cause why it should not be confirmed and made the judgment of the court. On the 25th, defendants show, among other causes, that the auditor had acted without being sworn, as required by law; and on the 31st the auditor, with the permission of the court, took an oath that he had, to the best of his knowledge and ability, performed the duties devolving on him as auditor, &c., and that no request had been made of him by either of the parties, to take the oath. The district judge overruled the objection, confirmed the report, and made it the basis of his judgment. From this judgment, the defendants have appealed.

The only question submitted to our consideration, is that resulting from the objection made to the report of the auditor, on the ground that he acted without being sworn. The

EASTERN DIST.
*May,* 1840.

LOCKE ET AL.
*vs.*
DAKIN & DAKIN.

Where an
auditor has been
appointed, when
he commences
his proceedings,
the first act is to
take the oath,
which must be
in writing at the
foot of the order
of court, and an-
nexed to his re-
port.

article 448, of the Code of Practice, says, that " the, auditor must, at the request of either of the parties, take an oath before any judge or justice of the peace, to perform faithfully his functions; the oath must be taken in writing, at the foot of the copy of the order of the court, and must be annexed to the report.    Hence, it is contended that no request having been made in this case, the auditor was at liberty to proceed without being sworn; and that, at all events, if an oath be necessary, it is sufficient if it be taken before the confirmation of the report.    We cannot agree with the plaintiffs' counsel, and we think the district judge erred in overruling the objection. · In our opinion, the expressions "*at the request of either of the parties,*" used in the 448th article of the Code of Practice, indicate only that the auditor is to commence his proceedings at the request of one of the parties; and as the first proceeding is to take the oath, this is to be done after, or when one of them has requested him to act.    Were we to adopt the construction contended for, it would follow not only that experts and auditors, would be permitted to act without the sanctity of an oath, if the parties forget or neglect to request them to be sworn, but that also the notice required by the article 450, might be dispensed with, and the auditors authorized to proceed *ex parte,* if not requested by one of the parties to give notice to the other.

In all cases,
whether the au-
ditors have been
specially    re-
quested or not,
by   the   party,
they    must   be
sworn, and must
give  notice  to
the      adverse
party.
The circum-
stance that an
auditor made his
report   without
taking the oath,
but swore to it
before homolo-
gation,  is  in-
sufficient to cure
the defect.  Had
the auditor taken
his oath at any
time before com-
pleting his busi-
ness, it would
be sufficient.

This construction would certainly be absurd; and the only meaning we can give to the expressions used in articles 448 and 450, of the Code of Practice is, that experts and auditors ought to proceed, when they have been requested to do so by either of the parties; but in all cases, and whether they have been specially requested or not, they must be sworn, and must give notice to the adverse party.

The circumstance in this case, that the auditor took an oath before the homologation of the report, is not, in our opinion, sufficient to cure the defect.    His report had been signed and filed, the rule to show cause had been served on the adverse party, and their objections were regularly before the court.    So far, the auditor had acted illegally; and it was not in his power, nor in the power of the court, to deprive

the defendant of the benefit of their legal objections. Had the auditor taken his oath at any time before completing his proceedings, and before signing the report, we should have been disposed to consider it sufficient; but in this case, we think it was too late.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; that the report of the auditor be set aside, and that this case be remanded to the District Court for new proceedings, according to law; the plaintiffs and appellees paying costs in this court.