MONTROSS
*v.*
BYRD.

---

## BRANDER, WILLIAMS & CO. *v.* CAPT. GOODIN et al.

The art. 313, C. P., requiring that in claims for damages, the court shall direct a jury to be summoned to assess the damages, where a judgment by default is sought to be confirmed, applies only to cases wherein the damages are uncertain, and rest in opinion alone, without a fixed rule or means of proof to ascertain them precisely; as in suits for slander, libel, and the like. The article does not apply in cases of damages for breaches of contracts, where the damages can be ascertained with certainty.

Where a judgment by default was confirmed upon testimony sworn to before the deputy clerk, but his attestation does not show that it was taken in open court, it is liable to objection; but the objection will not be examined by the Supreme Court, unless brought before it by bill of exceptions, or in some other legal manner: and it forms no excuse for not taking the bill of exceptions, that it was a confirmation of a judgment by default; as the defendant should have been present to protect himself from the effects of illegal testimony.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *H. B. Eggleston,* for plaintiffs. *M. M. Cohen,* for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiffs allege, that through a ship broker, in May, 1850, they entered into contracts with the defendants to freight on their ship, from New Orleans to Boston, a large quantity of pork and lard, at certain rates of freight agreed upon; that the defendants refused to comply with their contracts, in consequence of which, they incurred heavy charges in storing the pork and lard, and suffered other damages, which they claim.

A judgment by default was taken against the defendants, and was confirmed, for the amount of the extra charges for storage, freight and insurance, paid in consequence of the failure of the defendants to take the pork and lard on freight. And they have appealed.

They assign, as error, that the suit was for damages; and that the judgment by default was confirmed without the intervention of a jury, in violation of the 313th art. of the Code of Practice.

The article provides, that "when, from the nature of the case, damages are to be assessed, the court will direct a jury to be summoned to find the same, in the same manner as if the defendant had answered."

The defendants' counsel has cited several cases in which this article of the Code of Practice has been interpreted. In the case of *Olivier, Curator, &c.* v. *Cannon*, the plaintiff sued the defendant for damages for taking and detaining a slave, horse and dray, belonging to the plaintiff. A judgment by default was confirmed; and it was assigned for error, on appeal, that the damages were assessed by the court without the intervention of a jury; and it was held, that the assignment of error should prevail, because the action was instituted for a *tort*, where, from the nature of the demand, damages were to be assessed. 18 L. R. 475.

In *Guillotte et al.* v. *Thompson*, 5 R. R. 141, damages were claimed in a possessory action, and assessed by the court. It was held, that a jury should have been summoned to assess them.

In the case of *Liles* v. *The New Orleans Canal and Banking Company*, the plaintiff sued for a promissory note and damages. A judgment by default was confirmed for the note and $500 damages, without the intervention of a jury. It was affirmed as to the note, but the case was remanded to have the damages assessed by a jury. In all these cases, the damages claimed were uncertain, and it was impossible that there could be evidence by which to ascertain them precisely. From their nature, they were to be assessed or valued by opinion, because there was no other rule. And we think the terms in the article of the Code of Practice, "when, from the nature of the case, damages are to be assessed," may safely be limited to cases where the damages are uncertain and rest in opinion alone, without a fixed rule or means of proof to ascertain them precisely.

This is generally the case when damages are claimed for offences or *quasi* offences, as for assault and battery, trespass, slander, seduction, and the like; though the damages, in cases of offences and *quasi* offences, may be so certain as not to require an assessment. Thus, the larceny of one hundred dollars gives rise to an action for a hundred dollars, certain; the killing my horse, which I had agreed to sell for fifty dollars, for an action for fifty dollars; the concealing and harboring my slave, to a claim for two dollars a day, as a statutory penalty. So, in contracts, when the breach causes injury to the feelings alone, as a breach of a promise to marry; or pecuniary losses resting in opinion, or perhaps, fancy alone, as the failure to comply with an obligation to furnish some object of intellectual enjoyment, or for the gratification of taste, or for convenience;—the damages must be assessed. But when they are fixed by contract, as a pecuniary penalty agreed upon by the parties for the non-performance of an obligation; or by law, as the legal interest for the non-payment of money; or can be ascertained by exact evidence, as the obligation to deliver me a set of books worth a hundred dollars;—we think the damages are not to be assessed, but are to be fixed by precise evidence; and the intervention of a jury is not required.

Of course, the cases in which the damages are to be assessed by opinion, and those in which they are to be ascertained by precise evidence, will often be not very distinguishable; and then, as in many other cases, the practice must be left to the wise discretion of the judge.

In the present case, the charges for storage, insurance and extra freight, were matters of absolute certainty, and yet were damages resulting from the non

performance of their contract by the defendants. They did not rest in opinion BRANDER *v.* GOODIN. at all; and we think the district court exercised a wise discretion in fixing them by evidence; and that it was not necessary that they should be assessed through the intervention of a jury.

It is assigned, for error, that the evidence to prove the contract of the defendants to take the freight, was not taken in open court. It consists of the depositions of *Gale* and *Barker*, sworn to before the deputy clerk, on the day the other evidence was received and the judgment by default was confirmed; yet, his attestation does not show, that they were sworn to in open court. We have no doubt the depositions were taken in open court, with all the other evidence in the case, on the 24th of June, 1850; yet, the attestation of the deputy clerk is liable to the objection which was considered conclusive in the case of *Sandeman* v. *Drake* and *Willard*, 17 L. R. 335. But we have lately held, upon mature consideration, supported by many decisions, that we *ought not to examine* objections to evidence received by the court on a trial, in the absence of a party and his counsel, and which objections were not brought before us by bills of exception, or in some other legal manner. *Leverich* v. *Toby*, *ante*, p. 462. *Beard* v. *Pritchard*, 9 R. R. 464. *West* v. *His Creditors*, 4th Ann. 467. *Sommerville* v. *Young*, 3d Ann. 290. *Picket* v. *Bates*, Ib. 627. *Curtis* v. *Woodman*, 2d Ann. 307.

We can see no reason why the same rule should not be adopted, when issue is joined by judgment by default. It is, in such a. case, peculiarly the fault of the defendant, not to be present to protect his rights, by opposing the introduction of illegal testimony. This assignment of error should therefore fail.

It is assigned, as error, that damages should not have been recovered, without alleging and proving that the defendants were put in default for not complying with their contract. It is expressly alleged, that the defendants contracted to take the freight; and refused to do so. The contract, we have just seen, was proved; and that the defendants refused to comply with it, is established by several witnesses. This testimony implies a demand upon them to comply with their contract.

The judgment is affirmed, with costs.

ROST, J. I concur in the opinion of the court, but for reasons in some respect different.

When evidence is offered, in the absence of the defendant, to make a judgment by default final, I think the judge has the right, and that it is his duty, to require legal evidence.

I do not believe, any judge would consider it consistent with his duty or his oath, to admit the *affidavits of witnesses, taken out of his presence*, when the witnesses were present in court, and could be examined. I am bound to believe, therefore, that such affidavits were not received in this case; and that the evidence offered to prove the contract of the defendants to take the freight, was taken in open court. The certificate of the clerk, given during the trial, conveys no other meaning to my mind.