CANAL BANK *v.* JOHN McGLOIN.

The competency of witnesses cannot be questioned in the Supreme Court, unless exceptions to their introduction were taken in the Court *a quo.*

The title sued on, need not be offered in evidence if it be filed with and as part of the petition.

A judgment reciting that it was rendered on due proof of plaintiffs demand, contains sufficient reasons for judgment.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Benjamin, Bradford & Finney*, for plaintiff.

*C. Redman*, for defendant and appellant, cited. *Davis* v. *Davis* 8 An; — *Griffith* v. *Caldwell*, 1 Rob; *Mechanics' Bank* v. *Walden*, 7 Rob; *Lopez* v. *Bosnell*, 7 L., and made the following points: The confirmation of the judgment by default was irregular, because, 1. There was no proof of signature. 2. Neither

the notes nor mortgage were filed in evidence. 3. There are no reasons for judgment. 4. The charter of plaintiffs was not introduced which was requisite to establish their existence.

VOORHIES, J. The defendant is sued on his nine promissory notes, three of which are payable to the order of the plaintiffs, and the other six to the order of and endorsed by *Laurent Millaudon* and *John Slidell*. These notes were given in part payment of certain lots of ground conveyed to the defendant by the plaintiffs, *Samuel Kohn, Laurent Millaudon* and *John Slidell*, and identified with the authentic act of sale thus made, a copy of which, together with said notes, is annexed to and made a part of the plaintiff's petition.

The record shows that a judgment by default was regularly taken against the defendant, and confirmed, as recited in the final judgment, " by due proof of the plaintiff's demand." The defendant has appealed from that judgment, and claims its reversal on various grounds.

It is urged by his counsel that "the evidence on file consists merely of the testimony of plaintiff's attorney—that the signatures of the payees and endorsers of the notes sued on are genuine." It is argued at bar by the counsel, that the witness was incompetent to make such proof, on the ground of his being employed as the plaintiff's attorney in the cause. It is clear that questions touching the competency of witnesses must be determined in the first place by the inferior court, whose decision in this respect can only be revised by this court on a bill of exceptions. The other objections urged are: 1st. " that neither the notes nor mortgage act were introduced *in evidence* to confirm the default—they are not filed in evidence and the implication derived from the testimony of plaintiff's attorney that they were offered to and received by the court, cannot be accepted in lieu of the official certificate of the keeper of the record, and his evidence does not appear to be taken in open Court. The notes, acts of protest and deed of sale appear to be noted by the Clerk as filed with the petition. This, coupled with his certificate that the record contains all the documents filed and evidence adduced, affords, in our opinion sufficient evidence showing that the plaintiffs have substantially brought themselves within the requirements of the law to entitle them to a judgment. We do not think that the second and third* objections urged by the defendant are tenable. It is clear that the signature of the maker to the notes is verified by the authentic act of sale, which also establishes the plaintiff's capacity. The two last objections are equally untenable. If available at all as matters of defence, and not apparent as "errors on the face of the record, they should have been specially pleaded in the inferior Court."

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.

---

*The third objection is that there were no reasons assigned by the District Judge for his opinion. The judgment commences as follows : " On motion of *E. A. Bradford*, Esq., of counsel for plaintiff, and on producing to the Court due proof of plaintiff's demand. It is ordered &c., &c." [REP.]