## Taylor, Knapp & Co. v. W. J. Hancock & Co.

A defendant named in the petition, but not cited, is not in reality a party to the suit, so as to render him incompetent as a witness.

When there is a prayer in the petition for general relief, and the partnership sued is alleged to be a commercial one, a judgment rendered against the parties *in solido*, will not be disturbed on the ground that a joint judgment was claimed in the petition.

APPEAL from the District Court of the Parish of Bossier, *Eagan*, J.

*A. B. Levisee*, for plaintiffs. *Looney & Fort*, for defendants and appellants.

COLE, J. Plaintiffs instituted this suit against several persons as composing the commercial firm of *W. J. Hancock & Co.*, and prayed that judgment might be rendered against them for their demand.

Two only of these persons were cited, and upon the trial *R. J. Hancock*, who had been named in the suit as a party defendant, but who had not been cited, testified that *W. J. Hancock* and *Morgan O. Taliaferro*, were the only members of the firm of *W. J. Hancock & Co.*

There was judgment *in solido* against *W. J. Hancock* and *M. O. Taliaferro;* they have appealed.

Appellants contend that the testimony of *R. J. Hancock* was improperly admitted, because he is a co-defendant, and it was his interest to release himself from responsibility by establishing himself not to have been a partner.

In answer to this objection, we would observe, that appellants did not file any

<div style="margin-left:2em"><em>TAYLOR<br>v.<br>HANCOCK.</em></div>

answer, and the testimony was introduced without objection on the part of the court. If the testimony had been objected to and excluded, plaintiffs might have been able to have proved by other witnesses, that which was established by *R. J. Hancock,* and it does not appear to be just to nonsuit plaintiffs in this court, on account of the laches of appellants in not defending the suit in the lower court.

Besides, the witness, *R. J. Hancock,* was not cited, and was not, in reality, a party to the suit, and as no judgment could have been obligatory upon him, there does not seem to be any good reason why his testimony should be inadmissible. It is true, that by putting his name in the petition as one of the defendants, the plaintiffs, in fact, aver that he has an interest in the suit, yet by not having him cited, they show they were mistaken in their allegation.

It is also contended, that the judgment ought to have been against them jointly, and not *in solido,* because the prayer was only for a joint judgment; but as there was a prayer for general relief, and as the partnership sued was alleged to be a commercial one, and as appellants, although cited, had thought proper to let the case go by default, we do not feel ourselves authorized, under the evidence and circumstances of this case, to disturb the judgment.

Judgment affirmed, with costs.