(93 South. 117)

No. 24906.

SHREVEPORT LONG LEAF LUMBER CO. v. GARSON BROS.

(June 27, 1922.    Rehearing Denied July 17, 1922.)

(Syllabus by Editorial Staff.)

1. Pleading ⊕⇒332 — Not necessary to serve supplemental petition seeking to hold defendants jointly instead of in solido.

In an action on a note annexed to and made a part of the petition, a supplemental petition asking judgment against defendants jointly, instead of in solido as originally, need not be served, as it did not change the issues, and was unnecessary.

2. Abatement and revival ⊕⇒20—Lost instruments ⊕⇒16—Suit may be abated when loss has not been advertised.

Under Civ. Code, art. 2280, providing that, where a lost instrument is the foundation of a suit, it must appear that the loss has been advertised, etc., if it appears from the petition or as a matter of fact that the note sued on was lost before the suit was filed, the suit may be abated on a plea of prematurity or other appropriate exception until the law is complied with.

3. Evidence ⊕⇒183(1)—Lost instruments ⊕⇒16—Advertisement unnecessary, and secondary evidence admissible upon loss of instrument after filing of the case.

Where the note sued on was attached to the petition and marked filed, and afterwards withdrawn and again filed with the answer to a motion for oyer, and thereafter was lost, Civ. Code, art. 2280, requiring advertisement of the loss of an instrument sued on, was inapplicable, and secondary evidence was admissible after a reasonable showing of the loss.

4. Appeal and error ⊕⇒204(3)—Admission of secondary evidence of lost note could not be complained of without objection or exception.

Where there was no objection or exception, defendants having filed no answer, and not having appeared at the trial, the question of the admissibility of secondary evidence of the note sued on, when lost after being filed in the case, could not be raised by assignment of error.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Action by the Shreveport Long Leaf Lumber Company against Garson Brothers. From a judgment for plaintiff, defendants appeal. Affirmed.

Barret & Files, of Shreveport, for appellants.

Cook & Cook, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J.  Plaintiff brought suit upon a promissory note and open account, which, according to the allegations of the petition and a statement of fact by the trial court, were annexed to and made part of the said petition. Subsequently, plaintiff obtained permission and withdrew temporarily the note, but in response to a rule for oyer by defendants, produced and filed it in open court, and the rule was discharged. Permission was obtained to withdraw temporarily the note, but in response to a rule for oyer it was produced and filed in court, and the rule was discharged.

Defendants pleaded an exception of no cause and no right of action, of the exact basis of which we are not informed; plaintiff filed a supplemental petition praying judgment jointly against defendants instead of in solido as originally, and a default was timely entered. Defendants subsequently moved to set aside said default upon the ground that the supplemental petition had changed the issues, and that legal service had not been made. This motion was also overruled; defendant made no further appearance, and judgment was proven up as on default.

Defendants have appealed.

## Opinion.

Two issues are presented:

(1) Was it necessary to serve the supplemental petition? and,

(2) Was it permissible, after proving the loss or misplacing of the note, when it had been sued upon, filed, and produced in open court, to introduce secondary evidence of its terms and contents in support of the judgment on default; or, was the plaintiff bound to advertise for it and give security against its subsequent appearance, as required by article 2280 of the Civil Code?

[1] 1. The supplemental petition amounted to nothing except a judicial concession of the legal proposition that the wording of the note, which was attached thereto and made part thereof, bound the defendants jointly and not in solido, as had been originally claimed. It did not change the issues; its purpose could have been served by filing an admission, by noting it on the record, or the question of law could have been determined on the original petition without the amendment. Swilley v. Low, 13 La. Ann. 412.

2. The article 2280, C. C., relied upon in support of the second assignment of errors, reads:

"In every case, where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised, within a reasonable time, in a public newspaper, and proper means taken to recover the possession of the instrument."

In the petition for appeal, defendants alleged that "the notes alleged on were lost or misplaced or destroyed and were never filed in evidence on trial hereof, no advertisement was made," and judgment was rendered without their production. In the order granting the appeal, the lower judge says:

"The evidence showed that the note in question was attached to the petition at the time the suit was filed; that it (the note) was marked filed by the deputy clerk and was withdrawn by counsel for plaintiff, he having given his receipt therefor, that subsequently a prayer for oyer was filed and the note was attached to the answer to the prayer and again filed in the records of the suit. The rule for oyer was discharged. After this, the note and answer to the prayer for oyer disappeared from the records. It was shown by the clerk of court that he had made every effort to find the record. This was also shown by counsel for plaintiff."

In response to a writ of certiorari issued by this court at the instance of counsel for plaintiff, who alleged that the motion for oyer with the note attached had been found in less than a week after the judgment was rendered below and been omitted from the record, the clerk of the lower court has sent up a supplemental transcript containing certified copy of said answer and note.

[2-4] Our view is that, if the petition had originally alleged upon the note as being lost, or if it had been shown, as a matter of fact, that the note was lost before the suit was filed without such allegation, upon a plea of prematurity or other appropriate exception, the suit could have been abated until this law had been complied with; but where, as in this case, the suit was brought upon *the note actually attached and made part of* the petition, marked filed therewith, was

withdrawn, receipted for, and subsequently produced and filed with the answer to the motion for oyer, the article in question is inapplicable; and secondary evidence became admissible, after a reasonable showing of the loss or misplacing of the note, as the lower court states was done. At most, conceding the contention of defendants to be correct, the issue is one of admissibility of evidence, as to which the record presents no objection or exception, defendants having seen fit to file no answer or otherwise appear at the trial. In these circumstances, the question cannot be raised by assignment of error. Lockett v. Toby, 10 La. Ann. 713; Canal Bank v. McGloin, 10 La. Ann. 240; Brander, Williams & Co. v. Captain Goodin, et als., 6 La. Ann. 521; Yorke v. Scott & Co., 23 La. Ann. 54; Taylor, Knapp & Co. v. Hancock & Co., 14 La. Ann. 693.

There was an answer to the appeal and prayer for 10 per cent. damages for a frivolous appeal, but nothing is said about the matter in brief, and we are of the opinion that it is not a case for the infliction of such damages.

The judgment appealed from is affirmed, at appellants' cost.

Rehearing refused by the WHOLE COURT.