LAND, J.
This is a proceeding via ordinaria to collect the first note of a series of seven mortgage notes, given for the credit portion .of the purchase price of a tract of land sold' by plaintiff to defendants, who admit the sale to them, but resist further payment on the ground that, after making the first cash payment; they discovered what they believe to be a defect in the title that renders the same invalid and unmerchantable. Defendants contend that they should not be forced to make any additional payments on the purchase price until said title is perfected, as they purchased said property with, warranty of title.
Defendants allege that this property originally belonged to Mrs. E. M. Svarva, widow of the late Carl Svarva, and that, prior to the sale by her to plaintiff, she purported to sell same to John Edward Whitby, a minor, for the consideration of $1,000, and that, although she subsequently instituted suit in the district court of Caddo parish, and obtained judgment annulling said sale," said judgment is null and void, and for this reason the title obtained by defendants from plaintiff is not a good and valid title.
JJefendants attack said judgment, and allege that same is null and void for the f oEow- ' ing reasons:
(1) Because said minor was not properly brought into court by a curator ad hoe.
(2) Because the curator ad hoe never accepted the appointment.
(8) Because he never took oath as special tutor for said minor or appeared for him in court.
The record in the suit of Mrs. B. M. Svarva v. John Edward Whitby et al. (No. 24341 on the docket of the First judicial district court) shows that “Edward Barnette, attorney at law,” was appointed “curator ad hoc” for the minor, John' Edward Whitby, in that proceeding.
The record fails to disclose, however, that this appointment was accepted in writing, and that the representative of the minor took any special oath.
Section 1 of Act 219 of the year 1918 provides:
“That in judicial proceedings, where absentees, minors, or persons interdicted are interested and are necessary parties, the judge having jurisdiction over the proceedings shall appoint an ■ attorney at law to represent said absentees, minors, or persons, interdicted and the designation of siteh representative as special tutor, tutor ad hoc, curator ad hoc, or by any other title shall not he required, and if incorrectly made, shall he construed as the appropriate designation.” -(Italics ours.)
The essential requirement, therefore, of section 1 of said act is that the representative of the minor shall be “an attorney at law.” As expressly declared in said act, the erroneous designation of such attorney as to his representative capacity is immaterial. If incorrectly made, it must nevertheless be construed as the appropriate designation. Said act neither requires that the acceptance of the appointment shall be made in writing, nor exacts that any special oath shall be' taken by an attorney at law appointed to represent a minor. '
The minor, Whitby, was therefore properly brought into court in the suit of Mrs. E. M. Svarva against him by the appointment of an attorney a.t law. The petition and citation in that case were served -by the sheriff upon the attorney at law appointed to represent the minor. The representative of the minor notified his father by mail, sending him the citation and copy of the petition, and the receipt of these papers were acknowledged over the telephone by the father of said minor. The attorney representing the minor testified that he accepted the appointment, and was *1007 notified by counsel of plaintiff in that suit that he would take a judgment by default in tbe ease. Tbe attorney for tbe minor was present in tbe courtroom when said, default was taken, and also when it was confirmed. The minor’s representative also testified that be gave notice to the parties that a preliminary default bad been taken in tbe case.
As tbe title of defendants is not invalid and unmerchantable because of tbe alleged defects urged by tbem, their reconventional demand for tbe return of tbe sum of $1,000, paid by tbem in cash at tbe date of tbe sale, and predicated upon such alleged defects in title, cannot be sustained, and is rejected.
For the reasons assigned, the judgment appealed from is affirmed.