(104 So. 701)

No. 25051.

SAENGER AMUSEMENT CO., Inc., v. MASUR et al.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Infants** ⬤⟹77—Minors; curator ad hoc properly appointed where minor and tutrix absentees.

Where both tutrix appointed by court and minor were absentees at the time suit for partition was filed, under Act 219 of 1918, court properly appointed a curator ad hoc for such minor.

2. **Infants** ⬤⟹77—Minors; presence of undertutor does not prevent appointment of curator ad hoc for absent minor.

Where minor and tutrix were absentees when suit for partition was filed against minor, court properly appointed a curator ad hoc to represent absent minor, notwithstanding presence of undertutor in parish, in view of Rev. Civ. Code, art. 275.

3. **Appeal and error** ⬤⟹715(2)—Affidavit forming no part of record, and not filed before judgment, not considered.

An affidavit on appeal from default judgment entered against absent minor, represented by curator ad hoc, alleging that minor and his tutrix were only temporarily absent, cannot be considered, where affidavit forms no part of record, and was not filed before judgment was rendered, as it cannot have effect of overthrowing appointment of curator.

4. **Infants** ⬤⟹111—Minors; remedy when judgment based on service on curator null is by direct action to annul judgment, where record does not show its invalidity.

Where record does not disclose evidence necessary to hold appointment of curator invalid, and judgment rendered based on service on such curator null, remedy is, not by appeal, but by direct action to annul judgment.

5. **Infants** ⬤⟹81—Minors; attorney appointed for infant not required to take special oath.

Under Act No. 219 of 1918, an attorney appointed as curator ad hoc for minor defendant is not required to accept appointment in writing or to take any special oath.

6. **Judgment** ⬤⟹126(4)—Plaintiff must prove every element, on confirmation of default.

Plaintiff, suing for partition of real estate, in which default was entered, must, under Code Prac. art. 312, prove every essential element of his demand, on confirmation of default.

7. **Partition** ⬤⟹55(2)—Ownership essential allegation in petition for partition.

Ownership is an essential allegation in every petition for partition.

8. **Infants** ⬤⟹84—Minors; law does not permit curator to waive anything.

The law does not permit a curator for infant absentee to waive anything, and will not hold his principal to same accountability for his actions as for actions of an attorney employed to represent him.

9. **Infants** ⬤⟹84—Minors; objectionable evidence, offered on confirmation of default, not considered, though not objected to, where minor defendant represented by curator.

In suit for partition of real estate, in which a curator was appointed for an absent minor defendant, and default was entered, evidence of ownership, consisting of statement of counsel for plaintiff as to what official records indicated as to ownership, though not objected to, does not support judgment against minors, as objection thereto could not be waived by curator.

O'Neill, C. J., and Rogers and St. Paul, JJ., dissenting.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by the Saenger Amusement Company, Inc., against Mrs. Clara Masur, tutrix, and others. Default judgment was rendered for plaintiff, and the named defendant appeals. Reversed and set aside, and cause remanded.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

WESTERFIELD, Judge ad hoc. Plaintiff, suing for a partition of certain real estate situated in the city of Monroe, alleges that it owns an undivided one-half interest and that the minors Joy Masur and Charles E. Garretson, are each the owner of a one-fourth interest in the property sought to be partitioned; that the minor Joy Masur and her mother and natural tutrix, Mrs. Clara Masur, are absentees living in the state of New York, and that the minor Charles E. Garretson and his mother and natural tutrix, Mrs. Mary F. Smith, are residents of the parish of Ouachita. An appointment of a curator ad hoc to represent the minor Joy Masur was asked, and an order was signed appointing Adolph Wolf in that capacity and directing him "to take such oath as may be required by law." Service upon the minor Joy Masur was had through Adolph Wolf, the curator ad hoc, and upon Charles E. Garretson through his mother and natural tutrix, and also through H. L. Smith, his cotutor. No pleadings were filed on behalf of the minor Joy Masur. An exception to the citation was filed by the Garretson minor through his tutrix and cotutor, which does not appear to have been disposed of by the court in any way.

A default was entered, and in due course was confirmed and judgment rendered ordering the property sold. A few days thereafter a suspensive appeal was taken on behalf of the minor Joy Masur to this court.

The judgment appealed from is alleged to be erroneous upon the following grounds:

"(1) The district judge erred in appointing a curator ad hoc for a minor when a tutor and undertutor had been appointed and qualified by the same court.

"(2) The district court erred in appointing a curator ad hoc for a minor with an undertutor present.

"(3) The district court erred in appointing a curator ad hoc for a minor whose natural tutrix, with the minor, was temporarily absent.

"(4) The district court erred in rendering the judgment contradictorily with the curator or tutor ad hoc appointed under article 313 of the Civil Code, without requiring the oath prescribed by that article of the Code.

"(5) The district court erred in ordering the property sold and its proceeds partitioned, in the absence of any proof of ownership in the plaintiff or either of the defendants."

The first four assignments of error relate to the appointment of the curator ad hoc and the necessity of his giving bond. We shall discuss these alleged errors together.

[1] The fact that the court had previously appointed a tutrix and undertutor did not affect the propriety of its appointment of Wolf as curator ad hoc; for, if the tutrix so appointed and the minor were absentees at the time the suit was filed, as is alleged in the petition, the appointment of the curator was proper. Act 219 of 1918. The sworn allegation to that effect in the petition was sufficient to justify the appointment, and there is nothing before us to disprove that allegation.

[2] Nor was the presence of the undertutor in the parish any reason to prevent the appointment of the curator. Art. 275, R. C. C., authorizes the undertutor to act for the minor, and makes it his duty to do so whenever the interests of the minor conflict with those of the tutrix, but we have been directed to no authority, and know of none in support of the proposition that an undertutor may defend a suit and stand in judgment for a minor when his tutrix leaves the state (assuming that he is not functus officio after the permanent departure of the minor and the minor's mother and tutrix). See In re the minor Victoria Fortier, 31 La. Ann. 50.

[3, 4] The allegations, to the effect that the tutrix and her ward were only temporarily absent from the state as they appear in the petition for appeal supported by affidavit cannot be considered, for the reason that such affidavit, if competent evidence

at all, forms no part of the record, were not filed before judgment was rendered, and cannot have the effect of overthrowing the appointment of the curator. Where the record does not disclose the evidence necessary to hold the appointment of a curator invalid, and the judgment rendered based upon service upon such curator therefore null, the remedy is not by appeal, but necessarily by a direct action to annul the judgment.

[5] No oath was necessary, for under Act 219 of 1918, an attorney appointed as curator ad hoc for minor defendant is not required to accept appointment in writing or take any special oath. Morris v. Mabry, 153 La. 1004, 97 So. 20.

There remains the last assignment of error to the effect that there was insufficient evidence to support the judgment. The only evidence before the court on confirmation of default was the testimony of plaintiff's counsel, an eminent member of the bar. We quote his evidence in full:

"In this case, which is a suit for partition of a strip of ground on Second street in the city of Monroe, between De Siard street and the V. S. & P. Railroad, or Jefferson street, I am familiar with the property, and it has a front of 30 feet on Second street, with a depth of 160 feet; the records show that the Saenger Amusement Company owns an undivided one-half interest in the property, and each minor, Charles E. Garretson and Joy Masur, own an undivided one-fourth interest in this property; and, of course, it is manifestly impossible to make a partition in kind without absolutely destroying the value of the portion coming to each minor, as well as the plaintiff, Saenger Amusement Company."

[6, 7] It is obvious that the statement of an attorney at law as to his opinion of what official records indicate as proof of ownership of real property is objectionable upon several grounds too apparent for discussion. But it is contended in the absence of objection and upon confirmation of default such evidence should be considered. This is a liberal extension of the rule which permits the consideration of evidence otherwise inadmissible, where no objection has been made to its introduction. Other considerations enter the equation. For example, the express prohibition against the proof of title to real estate by parol. However (pretermitting any discussion of this point), it was unquestionably necessary for plaintiff to prove every essential element of his demand upon confirmation of default. C. P. art. 312; Bayhi v. Bayhi, 35 La. Ann. 529. Ownership is an essential allegation in every petition for partition. It is the sine qua non. Counsel says ownership is not always an issue in a partition suit, and cites Huber v. Huber, 131 La. 144, 59 So. 44. All that was held in the Huber Case was that ownership in partition proceedings is not always contested, and that, if admitted, it is not in issue. This is true of any case or of any allegation. But a default puts all essential allegations of the petition at issue. C. P. art. 312; Bryan's Adm'r v. Spruell, 16 La. 313; Bayhi v. Bayhi, 35 La. Ann. 527.

What, then, is the evidence of ownership in the record? The statement of learned counsel, that "the records show that the Saenger Amusement Company owns an undivided one-half interest in the property and that each minor Charles E. Garretson and Joy Masur owns an undivided one-fourth interest in this property."

[8] The only claim to consideration which this evidence presents is based upon the fact of its admission without objection. Upon its face it is no more than a conclusion of the witness as to the effect of public records. But in this case the defendants are minors and represented by a curator. The law does not permit a curator to waive anything, and will not hold his principal to the same accountability for his actions as for the actions of an attorney at law

employed to represent him. In the case of Bienvenu v. Factors' & Traders' Insurance Co., 33 La. Ann. 212, the court, after stating the rule to be that the failure of an appellant to file the transcript in time amounted to an abandonment of the appeal which could not afterwards be renewed, said:

"The curator ad hoc, cited and appearing as such under the appointment of the court, binds the absent defendant within the sphere and scope of his duty and functions; but he has no power to waive or to abandon any of the rights of the defendant. If Mr. Forman had prosecuted the appeal which he took, Morris would have been bound by the decree rendered on the appeal. The appeal, which was suspensive, was dismissed because of the failure to file the transcript in time; and, if Mr. Forman had been the employed attorney of Morris, his failure in this respect would, under article 594 of the C. P., and the authorities already cited, have been considered as an abandonment, if the appellant had not himself filed the transcript in time; and the appeal could not have been renewed. But, as Mr. Forman was not the attorney, in the ordinary sense of the word, but was simply attorney ad hoc, or curator ad hoc, as this description is designed to show, the defendant Morris cannot be considered as having abandoned his right of appeal; and, although the right to appeal suspensively no longer existed, because of the lapse of time, Morris had the right to appeal devolutively, as he has done, in person."

In Jacobs v. Kansas City S. & G. Ry. Co., 134 La. 389, 64 So. 150, the court held that the waiver of citation by a tutor ad hoc was beyond his powers and a judgment in a partition proceeding based on such waiver of citation and subsequent sale of property under such judgment was an absolute nullity, subject to collateral attack, notwithstanding the defendant railway company had been in possession for more than five years.

[9] It follows, therefore, that the evidence administered on confirmation of default,

whatever might be its effect under other circumstances, cannot be considered 'at all. The law supplies the objection to all but legal evidence, where minors represented by curators are concerned which may not be waived.

Of course, all parties to this litigation were in good faith and, if we consider only the material interests of the litigants in this controversy, we would be disposed to follow counsel's suggestion that we affirm the judgment, as we are inclined to think with counsel that a purchaser at the partition sale would accept the title with our approval. But we are unable to give sanction to the legal principles involved in affirming the judgment appealed from. We are comforted, however, by the reflection that no one interested in this decree is injured in any material sense—a result which does not always follow the exercise of the judicial function.

For the reasons assigned, the judgment appealed from is reversed and set aside and this cause remanded, for further proceedings not inconsistent with the views herein expressed. Plaintiff to pay the cost of appeal. The cost of the lower court to be in abeyance until the final decision of the case.

O'NIELL, C. J., dissents.

ROGERS, J., dissents, being of the opinion that the judgment appealed from should be affirmed.

THOMPSON, J., recused.

ST. PAUL, J. (dissenting). I think the evidence of title was sufficient under the circumstances. See Brander v. Goodin, 6 La. Ann. 521; Taylor v. Hancock, 14 La. Ann. 693; Yorke v. Scott, 23 La. Ann. 55. I therefore dissent.