No.——

First Circuit

––––––

## CANULETTE SHIPBUILDING CO. v. MONDAY

––––––

(Feb. 12, 1927.  Opinion and Decree.)
(Mar. 8, 1927.  Rehearing Refused.)

––––––

*(Syllabus by the Editor.)*

1. Louisiana Digest—Appeal—Par. 475, 482.

Where one of several co-defendants delayed her appeal and the record had been lodged in the Court of Appeal for the other co-defendants, the date on which she files her appeal in the District Court is, on motion, made the date of filing her appeal in the Court of Appeal and the record of her co-defendants used as her transcript.

2. Louisiana Digest—Partition—Par. 31, 32.

Under Article 116 of the Code of Practice as amended by Act 167 of 1924 an attorney at law appointed to represent absentee defendants in a partition suit cannot join in submitting the case to the court on the report of experts on the same day that the report was filed because he cannot waive time.

3. Louisiana Digest—Partition—Par. 34, 37.

Under Articles 256 and 457 of the Code of Practice the report of experts must be homologated and the opposing side has ten days in which to oppose the report. Therefore, a judgment based on a report that has not been homologated is erroneous.

4. Louisiana Digest—Partition—Par. 37.

In view of Articles 448, 673, 675 and 770 of the Code of Practice in a partition suit, the court cannot order a partition by licitation and a sale for the purpose of effecting it, on the report of experts, if the experts have not been sworn.

5. Louisiana Digest—Partition—Par. 39, 41.

In view of Articles 1337, 1339 and 1340 of the Civil Code, the law favors partitions of immovable property in kind. Immovable property must be divided in kind in all cases except when it cannot be done without dimunition in value and loss and inconvenience to some of the co-owners.

Appeal from the District Court, Parish of St. Tammany. Hon. Prentice B. Carter, Judge.

Action by Canulette Shipbuilding Company, Inc., against William Monday, et al.

There was judgment for plaintiff and defendants. William Monday, Hal Price, Leander Price and defendant, Laura Price, appealed.

Judgment reversed and remanded for new trial.

L. V. Cooly, of Slidell, attorney for plaintiff, appellee.

Harvey E. Ellis, of Covington, and R. S. Ellis, Jr., of Amite, attorneys for William Monday, Hal Price and Leander Price, defendants, appellees.

Adrian D. Schwartz, of Covington, attorney for Laura Price, defendant, appellant.

## ON MOTION TO DISMISS

ELLIOTT, J.    Canulette Shipbuilding Co., Inc., plaintiff and appellee, moves to dismiss this appeal by Laura Price, on the ground that her petition for appeal, citation, order, bond, 'etc.,' is all there is before the court. That the record or transcript of the case in which the appeal was taken was not filed therewith and is not part thereof, and that the appeal is incomplete.

The record shows that William Monday, Hal Price and Leander Price appealed from the judgment by petition and order dated January 25, 1926. Their appeal was made returnable to this court on February 20, 1926. Laura Price, co-defendant in the suit and judgment, was not made a party to their appeal.

Canulette Shipbuilding Co., Inc., appellee, moved the dismissal of their appeal on the ground that Laura Price was not a party thereto, nor before the court. The motion was sustained by judgment rendered June 26, 1926. Canulette Shipbuilding Co. vs. Munday, 4 La. App. 522, 523.

Laura Price appealed from the same judgment based on the same record, making the plaintiff and her three co-defendants parties thereto, while that motion was pending and her appeal was filed in this court at Amite on June 9, 1926, while the record was in the hands of the court and before any action was taken on the appeal of William Monday, Hal and Leander Price. The record was at that time available to her at Amite or Covington for the purpose of being re-filed in connection with her appeal.

The situation as regards the record not being available at Covington or Amite at the time her appeal was lodged at Amite, having been explained to the court by her counsel at the time the motion to dismiss her appeal was filed, the court granted leave to her counsel to prepare and file instanter a motion to have the record taken and stand as part of her appeal.

The motion was accordingly prepared, filed, heard by the court and taken by the court under advisement. The facts being as above stated, it appears to the court that when her appeal was filed at Amite, the returning point for her appeal, that the record became a part of it, standing in support of her appeal, as much and for every purpose, as it was serving and doing for that of William Monday, Hal and Leander Price; and that refiling it as part of her appeal was not essential.

It does not seem to us that her appeal should, under the circumstances, be dismissed. The request of her counsel to have the record taken instanter and ordered to stand as part of her appeal and for the purposes of the same is therefore granted, and the motion to dismiss is overruled.

------

## ON THE MERITS.

Canulette Shipbuilding Co., Inc., alleges that it is the owner and holder in indivision with William Monday, a resident of Westonia, Mississippi, Hal Price and Leander Price of Enterprise, Mississippi, and

Laura Price, residence unknown, but thought to be somewhere in Europe, of lots Nos. 1, 2, 3, 4 and the NW¼ of the fractional SW¼ of fractional Section 21, T. 9 S., R. 15 E., containing one hundred and forty-five acres, situated in the Parish of St. Tammany, in the proportion of 1/3 to the petitioner, 1/3 to William Monday, and 1/9, each to Leander Price, Hal and Laura Price; and that it is unwilling to remain the owner of the same in indivision with said parties any longer, and desires a partition; further alleged that said tract of land was not divisible in kind and must be sold to effect a partition, and brought suit against said parties accordingly.

The court appointed S. W. Provensal curator ad hoc to represent the four absentee defendants, and appointed on the petition of the plaintiff at the same time appraisers and experts to value the property and report to the court whether it was divisible in kind or not. The court appointed Homer Fritchie and G. A. Fritchie as such, directing that they be sworn.

On June 5, 1925, S. W. Provensal accepted service, waived citation all rights reserved, signing his waiver S. W. Provensal. On July 13, 1925, he filed an answer to the petition admitting the co-ownership of the property by the plaintiff and the defendants, as alleged by the plaintiff in averment one of its petition; but plaintiff's averment No. 4, as to how it acquired an interest in the property, was denied. The answer also denies that the property is indivisible in kind and must be sold to effect a partition. On the same day that the answer was filed, there was also filed a written document dated July 10, 1925, signed by Homer Fritchie and G. A. Fritchie, not addressed to the court, but filed in court on the same day as the answer in which they described the property and value it at $2000.00, and state that in

their opinion "it is impossible to divide it in kind without doing material injustice to some of the owners and greatly diminishing the value of the land. That it is impossible to divide the land in equal lots in value and amount, because some of the land is very low and some high. A small portion fronts a gravel road. There is timber on part of the land and part of it is denuded. There is also an old house on the land which renders it more impossible to divide in kind."

The case was set for trial on the same day that the answer and the above document were filed; submitted to the court and judgment rendered in favor of the plaintiff and against the defendant, recognizing the interest of each of the land, as alleged by the plaintiff. A partition was decreed and ordered effected by licitation, the sale to be made for cash with the benefit of the appraisement, as shown by the report of the experts filed therein.

Laura Price has appealed and urges various reasons why the judgment should be set aside. She urges a defective verification of plaintiff's petition against her. Plaintiff's petition was verified by its attorney. The plaintiff is a resident corporation and the affidavit does not show that any of the officers of the corporation were absent at the time, except the president. The law on the subject, Act 228 of 1924, provides that the president, vice-president or other managing officers should verify the petition. The law further provides that the attorney may verify in all cases when the party or parties are absent from the parish, and in all other cases when it is impracticable to obtain the verification of the party or parties, and that want of verification must be taken advantage of, if at all, in the case of a petition by an exception filed in limine litis, and also contains other provisions from all of which it is not clear

that a defective verification should result in the dismissal of a suit. It seems to almost say that if there is no verification the suit may proceed on the petition just as was done before the adoption of the present method of pleading.

This view of the law seems reasonable when all the defendants are residents, because they can appear and either waive it to proceed as they see proper. But when the defendants are non-resident absentees and the verification is for the purpose of obtaining jurisdiction in order to act against them and their property in the court, the reason which exists when the defendants are residents does not apply, because it is well settled in law that nothing can be waived that the statute requires when acting against non-resident absentees for the purpose of subjecting their property and rights to the process of the courts.

It is also urged against the judgment appealed from that S. W. Provensal in accepting service and waiving citation, acted individually and not as an attorney and curator ad hoc. C. P., Art. 116 (amd. 167 of 1924), authorizes attorneys at law appointed to defend absentees, to waive service of the petition and citation.

We take cognizance of the fact that S. W. Provensal is an attorney at law authorized to practice law in this State, and that under the statute he had a right to accept service and waive citation; but it should have been done as attorney and curator ad hoc and not as an individual. The pleading Act 228 of 1924, provides that when an attorney appears as an attorney for another person, he must appear as attorney or as curator ad hoc. The capacity in which he acts must appear, as provided in the statute. An appearance individually is not such as the law requires, even though

the party is an attorney. But be that as it may, as to the result of a defective verification and the acceptance of service and waiver of citation by an attorney who has acted individually and not in the capacity in which he was appointed to act on a judgment against absentees, we withhold opinion and do not decide, preferring to rest our judgment on other grounds which we will now notice.

Under the law, C. P., Art. 116 (amd. 167 of 1924), an attorney appointed curator ad hoc to represent an absentee, cannot waive time or any legal defense. In answering the petition of the plaintiff the attorney at law appointed to represent the absentee defendants, admitted the co-ownership of the plaintiff with the absentee defendants. He could not do that; the party who brings a partition suit against absentees must prove that he is an owner in the land with the absentees, as alleged in his petition.

A judgment based on an admission of ownership in the plaintiff by the attorney appointed for absentee defendants, does not prove the plaintiff's ownership and same cannot be regarded as proved when there is no other proof of the ownership. The ownership of the plaintiff must be proved aliunde and contradictorily with the plaintiff in open court.

The note of testimony shows that the plaintiff offered, produced and filed in evidence a certified copy of a deed from Walter Galatas, sheriff, to the plaintiff, as appears from certain records of the Parish of St. Tammany. This offering was made pursuant to plaintiff's allegation No. 4 in its petition to that effect, and which the answer of the appointed attorney for the absentee defendants denies. The proffer is all right, and if there was a deed in the record from Walter Galatas, sheriff, to the Canulette Shipbuilding Co., Inc., as stated,

it would be all right; but it is not sufficient in an action of this kind to make a proffer of evidence. The proffer must be followed up by an actual production, filing and placing the evidence in the record.

There is no title from Walter Galatas, sheriff, to Canulette Shipbuilding Co., Inc., in the record in support of plaintiff's averment that it is the owner of an interest in the land described in its petition; consequently, no proof of that fact.

The attorney at law appointed for these defendant absentees joined in submitting the case in their behalf to the court on the report of experts on the same day that the report was filed. He could not do that. The law does not permit him to waive time. C. P., Art. 116 (amd. 167 of 1924). The law provides that when a court is to act on the report of experts, the report must be homologated and the opposing side has ten days in which to oppose the report. C. P., Art. 256 and ·457. The report in this case had not been homologated, and never was.

In addition to the above, the report was not sworn to and the record does not indicate that the experts were sworn. The record contains a cost bill which purports to provide for the cost in the case, but it contains no charge for swearing appraisers and experts.

The law C. P., Art. 448, directs that experts must be sworn; that their oath is to be taken in writing and annexed to their report to the court. We find and hold that these experts were never sworn.

The law provides in regard to appraisers that they must take an oath before they act as appraisers. C. P., Art. 673, 675 and 770.

The minutes of the court and the note of testimony shows that these experts were not called as witnesses; they were not asked any questions by the attorneys when the case was submitted to the court for judgment; and the minutes and the note of testimony shows that the case was submitted to the court on this unsworn and unproved report, and the proffer as to title from Walter Galatas, sheriff, to Canulette Shipbuilding Co., Inc., and that the judgment appealed from is based thereon, and nothing else.

In a suit for partition the court cannot order a partition by licitation and a sale for the purpose of effecting it, on the report of experts, if the experts have not been sworn. 2 N. S. I.; Locke & Co. vs. Dakin & Dakin, 15 La. 423; Vincent vs. Sharp, 10 La. Ann. 463; Saenger Amusement Co. vs. Masur, et al., 158 La. 745, 104 So. 701.

The law favors partitions of immovable property in kind. Immovable property must be divided in kind in all cases except when it cannot be done without diminution in value and loss and inconvenience to some of the co-owners. C. C. Art., 1337, 1339, 1340; Land vs. Smith, 44 La. 931, 11 So. 577; Mackin vs. Wilds, 106 La. 1, 30 So. 257; Kaffie vs. Wilson, 130 La. 350, 57 So. 1001. For other case see Louisiana Digest, vol. 5, Subject, Partition, pp. 784 and 785.

It is not necessary to notice matters occurring since the rendition of the judgment.

The judgment appealed from is erroneous and must be avoided and set aside.

The judgment appealed from herein is for said reasons annulled, avoided and set aside, and the case is remanded to be proceeded with anew and as the law provides. The plaintiff, Canulette Shipbuilding Co., Inc., appellee, to pay the cost in both courts.