DIX
*v.*
TULLY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF J. J. KERCHEVAL.

A draft taken in part payment of the price of property sold, does not novate the debt so as to cause th seller to lose his privilege upon the property sold.

Checks are assimilated to bills of exchange, and the same rules govern both with regard to the necessity of demand, protest, and notice of protest.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Singleton & Clack*, for plaintiff and appellant. *Whittaker & Fellows*, for defendants.

VOORHIES, J. The administrator of the estate of *J. J. Kercheval*, is appellant, from a judgment of the District Court, maintaining the oppositions filed to his tableau of distribution by *Thomas R. Smith* and *Joseph H. Harvey*.

1. *Thomas R. Smith*, classed as an ordinary creditor, claims the vendor's privilege over the proceeds of the steamer Selma, one undivided fourth of which he sold to the deceased, who, in part consideration or payment of the purchase, executed and delivered to his vendor a draft upon *R. W. Adams & Co.*

The administrator contends that the debt was novated, and the vendor's privilege destroyed in consequence. The evidence, however, does not show on the part of the deceased and of the opponent, the least intention to extinguish one by another obligation; and, in fact, the draft was given in part consideration for the purchase of the steamer. The case of *J. H. Gails* v. *Schooner Osceola*, does not apply in this instance.

2. *Joseph H. Harvey* claims to be an ordinary creditor for the amount of a check drawn by the deceased, for the sum of $344 55, in favor of *R. F. Nicholls & Co.*, on the Exchange Bank of *Horace Bean & Co.;* and he alleges that he became the purchaser of the check at the Sheriff's sale of the effects of the insolvent estate of *R. F. Nicholls & Co.*

There is no evidence that the check was presented for payment and protested ; nor that the drawer had funds in the hands of the drawee. It was the duty of the holder of the check to prove these facts in order to save his recourse upon the drawer and the indorser.

Greenleaf says : " But in the case of a *banker's check*, the drawer is treated as in some sort the principal debtor ; and he is not discharged by any laches of the holder, in not making due presentment, or in not giving due notice of the dishonor, unless he has suffered some injury or loss thereby ; and then only *pro tanto*. And

58

the burden of proof is upon the holder to show, as part of his case, that no damage has accrued or can accrue to the drawer by his omission of any earlier demand or notice; or, in other words, that his situation, as regarded the drawer, remains as it was at the time of the dishonor." *Vide* Story on Promissory Notes, §§492, 498; 3 Kent Com.

Checks are assimilated to bills of exchange, and the same rules govern both with regard to the necessity of demand, protest, and notice of protest. 5 An. 304, *Barbour* v. *Bagon.* The claim of *Joseph H. Harvey* was, therefore, erroneously allowed by the court.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended in this respect; that the claim of *Joseph H. Harvey* be disallowed and rejected, as in case of non-suit; that the said *Harvey* pay one-half of the costs of appeal, and the costs of his opposition in the District Court; that the administrator of the estate of *J. J. Kercheval,* deceased, pay the other half of the costs of appeal; and that in all other respects the judgment of the District Court be affirmed.