Statement of the Case.
MONROE, J.
Plaintiff brought suit in the district court for the parish of Grant, alleging that defendant was trespassing upon certain land of which he was in possession as owner, and praying that it (defendant) be enjoined from so doing, and that he be quieted in his possession and awarded damages in the sum of $800. There was judgment by default, which was confirmed, as prayed for, and defendant appealed. Thereafter the appellee moved to dismiss the appeal, on the grounds that the transcript was incomplete for lack of certain of the testimony; that appellant had not proceeded in the manner required by law to obtain a statement of facts from the judge; that the purported statement was obtained ex parte and is incorrect;
“that the method used by appellant to get such statement by said judge, without notice to plaintiff, was to present him with a few sheets of typewritten matter, purporting to have been taken down by the clerk, and that the said judge, without investigation, supposing them to be full and correct, gave the statement, which is not binding upon plaintiff, and which is in error; that the sheets so presented were not the evidence in the case; that, if it was, the best evidence that it was so would be the certificate of the clerk; that the said appeal should be dismissed on the further ground that the transcript was not filed in time.”
The following application was filed in the Court of Appeal some two weeks after the filing of the motion to dismiss, to wit:
“The defendant and appellant suggests that, according to the certificate of the clerk of the *517 lower court, a portion, of which reads, ‘That the statement of facts, as shown by the record and signed by the trial judge, is a portion of the testimony that was adduced on the trial of the case,’ the transcript in the case is not complete, and that, unless your honors remand the case for a new trial, it will be proper in the premises to remand the case for the completion of the record. Wherefore he prays, in the alternative, that, in the event your honors do not remand the case for a new trial according to law, a writ of certiorari issue, commanding the clerk to have completed the record in the case and send it up for consideration.”
This application was denied, and there was judgment dismissing the appeal, and, a rehearing having been refused, defendant now asks that this court review and reverse the judgment so rendered on the grounds:
(1) That judgment was allowed to go by default (in the district court) because defendant’s attorney, in consequence of a great family affliction, which befell him at the time, was not aware that plaintiff’s petition had been placed on his desk.
(2) That an appeal was taken as soon as the attorney learned that a judgment had been rendered.
(3) That as the testimony was not all reduced to writing, and an agreement with the opposing counsel upon a statement of facts could not be had, though petitioner tried to have such agreement, the trial judge furnished a statement, “certifying that, as the parties had been unable to agree on a statement of facts, he furnished them according to his recollection.”
(4) That the certificate of the clerk of the •district court contains the following statement, to wit:
“That the statement of facts, as shown by the record and signed by the trial judge, is a portion of testimony that was adduced upon the trial of the case; the taking of said testimony being abandoned, upon the suggestion of the court, and the case being tried on default.”
(5) That petitioner moved that the Court of Appeal either remand the case for a new trial or order that the missing evidence be supplied, which motion was denied.
The prayer is that the judgment .of the Court of Appeal be reversed, and that plaintiff’s demand be rejected, or dismissed as in the case of nonsuit, or that the case be remanded to the district court for a new trial.
The record shows that the default was entered on April 8th, and confirmed on April 16th, and that the appeal was allowed on April 24th, and made returnable on the fourth Monday in November, all in 1908.
The judge’s statement of facts is in effect as follows (omitting the title of the ease):
“In above matter, proved up by default, attorneys for plaintiff and defendant not being able to agree on a statement of facts found in the above case, I make the following statement of facts, attached hereto, according to my recollection [of evidence] then adduced, as proving case up by default.
“[Signed] W. F. Blackman,
“Judge of the 13th Jd. Dis. Court of La.”
Then follow about two pages of typewritten matter purporting to be the testimony (or, perhaps, part of the testimony) of three witnesses, including plaintiff, to which, is appended a certificate reading:
“This statement is taken from the stenographers’ notes of evidence and conforms to my recollection of the facts.
“[Signed] W. F. Blackman, Judge.”
Attached to the record, as forwarded from the district court to the Court of Appeal, is a certificate of the clerk which reads:
“I hereby certify that the within is a true transcript of all filings made and minute entries covering the trial of the within case, on default, in the Thirteenth district court in and for the parish of Grant, Louisiana; that the statement of facts, as shown by the record and signed by the trial judge, is a portion of the testimony that was adduced upon the trial of the case, the taking of the testimony being abandoned, upon the suggestion of the court— the case being tried on default.
“Witness my official seal. * * *
“[Signed] J. J. O’Quinn,
“Clerk District Court, Grant Parish, La.”
The Court of Appeal found, in effect, that both the record and the statement of facts were incomplete, and that the statement was obtained ex parte, and it held that it could not issue the writ of certiorari to complete *519 the record, because the missing testimony had not been reduced to writing or preserved, and could not issue such writ to require the judge to complete the statement, because it is not available for that purpose; that it could not remand the case for new trial, because in order to do so it would be necessary to annul a judgment apparently legal; and that, the record and the statement of facts being alike incomplete, and the appellant relying on the latter, there was nothing to be done but dismiss the appeal.
Opinion.
Counsel for the applicant, in the brief filed by them, suggest a number of questions relating to the regularity of the judgment rendered by the district court, and other matters, which are not referred to in their petition. We are, however, of opinion that we should confine our attention to the causes of complaint set forth in the petition addressed to this court, to which alone the other party in interest has been called on to answer. That the record lodged in the Court of Appeal is incomplete, in that it does not contain testimony adduced on the trial, but not reduced to writing or preserved, is indisputable and undisputed. The writ of certiorari could, therefore, have served no useful purpose. Boler v. Day, 16 La. 251; Roberts v. Benton, 1 Rob. 100; Morrison v. Lynch, 36 La. Ann. 611.
The question, then, is, does the statement of facts relied on by the appellant supply the place of the missing testimony? The Code of Practice provides (article 601) that “either party may require the clerk to take down the testimony in writing which shall serve as a statement of facts if the parties should not agree on one”; that (article 602), when the testimony has not been so taken down, the party intending to appeal must require the adverse party to unite with him in preparing “a statement of the facts proved in the case,” which, when signed by both parties, shall be made part of the transcript of appeal; and that (article 603) “if the adverse party, when required to do so, refuse to join in making out a statement of facts, or if the parties cannot agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their recollection of the facts or from the notes they have taken _ of the-evidence.” In the instant ease the clerk was not required to take down all the testimony, and the result is the same as though he had taken down none of it, in that the case called for a statement of facts to be prepared in accordance either with article 602 or article 603 of the Code of Practice. It is conceded that the statement relied on was not agreed on, as contemplated by article 602, and it is denied by plaintiff that it was prepared after demand on, or notice to, him, as contemplated by that and the succeeding article.
Defendant’s counsel allege, in their petition filed in this court, that “a statement of facts could not be had, although petitioner tried to have such agreement,” and the certificate of the judge a quo reads:
“In above matter, proved up by default, attorneys for plaintiff- and defendant not being able to agree on a statement of facts found in the above case, I make the following statement of facts,” etc.
Considering the situation as thus presented, and if there were nothing more in it, we are inclined to think that the Court of Appeal might authorize the taking of testimony in the district court for the solution of the disputed question whether the statement of facts was prepared after refusal of plaintiff to join in a statement or without notice to him.
This court has said that the presumption in such a case as this is that the judge gave-his certificate “on the occurrence of that event which authorized him to give it, and. *521 that, if the fact were otherwise, it was the Auty of the appellee to establish it.” Gayoso de Lemos v. Garcia, 1 Mart. (N. S.) 328. But the statement as made does not appear to us, as it did to our learned Brethren of the Court of Appeal, to be technically “incomplete.” In other words, we do not find that any particular requirement is missing that is needed to bring it within the letter and meaning of the law providing for statements of fact. It is signed by the judge — in a ease calling for such a statement — and purports to have been made under circumstances which authorized it, and, whether the facts are sufficient or insufficient in the opinion of the appellate ■ court to sustain the judgment appealed from, it is a statement of facts nevertheless, since it may happen, in any case, that the facts found by'the trial judge will be insufficient, in the opinion of the appellate court, to sustain the judgment appealed from. It may be, and it seems to us more than likely, that in this instance the judge of the district court inadvertently omitted from the statement prepared by him some of the facts necessary to the support of his judgment, and it would, therefore, be unfortunate for the plaintiff if his case should now be determined in the court 'of last resort on the basis of the statement so prepared, and yet that must be the result if, upon opening the question to inquiry, it should be ascértained that the statement was prepared after the parties had disagreed upon the subject and after plaintiff had refused to join in making a statement. In view, therefore, of the fact that, though we cannot upon its face see any reason for holding that the statement in question does not come within the law, there appears, nevertheless, to be a strong probability that it was made in error, and that such error might result in a miscarriage of justice, notwithstanding an inquiry into the condition under which the statement was made, we are of opinion that the judgment of the district court had best be reversed and the case remanded to be tried de novo.
For the reasons thus assigned, therefore, it is ordered, adjudged, and decreed that the judgment herein complained of be annulled, avoided, and reversed, and that the judgment of the district court in the cause entitled “John F. Fletcher v. Ozone Lumber Company, Limited,” No. 2,071 of the docket of the district court in and for the parish of Grant be likewise annulled, avoided, and reversed; and it is further adjudged and decreed that said cause'be remanded to said district court, to be there tried de novo, the plaintiff to pay the costs of the appeal to the Court of Appeal and of this application and the costs of the district court to await the final judgment.