**(99 South. 459)**

No. 23946.

**RAPHIEL v. LOUISIANA RY. & NAV. CO.**

(May 3, 1920. On the Merits, Jan. 21, 1924. Rehearing Denied by Division A March 3, 1924.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

1. **Appeal and error** ⬡�150553(1)—Appeal from default judgment will not be dismissed because testimony not reduced to writing.

Code Prac. arts. 602, 603, requiring the district judge under certain circumstances to furnish a statement of facts on which the judgment was rendered, are applicable to a case where judgment has gone by default and the testimony was not reduced to writing; hence a motion by plaintiff to dismiss an appeal by defendant from a default judgment on the ground that the testimony was not reduced to writing must be overruled.

On the Merits.

2. **Judgment** ⬡�150138(1)—Valid default judgment will not be set aside merely to allow defendant opportunity to defend on ground that action would be in furtherance of justice.

No court may legally set aside a judgment by default confirmed in strict conformity of all requirements of law in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice under Civ. Code, art. 21.

3. **Carriers** ⬡�150134—Judgment for plaintiff for damages to shipment of cotton sustained.

In a shipper's action against the carrier for damages to a shipment of cotton, evidence held sufficient to sustain a judgment for plaintiff.

4. **Abatement and revival ⬅81—Plea to jurisdiction ratione personæ too late when first made on motion to reopen.**

In an action by a shipper against a carrier for damages to a shipment of cotton, a plea to the jurisdiction ratione personæ was too late when first made on motion to reopen case after judgment for plaintiff.

5. **Abatement and revival ⬅81—Plea to jurisdiction ratione materiæ may be noticed at any time.**

A plea to the jurisdiction of the court ratione materiæ may be noticed at any time.

6. **Judgment ⬅237(1)—Judgment against one of two defendants sued in solido held proper.**

Where a shipper sued a railroad company and a commission merchant for damages to a shipment of cotton, seeking to recover in solido against both, a judgment against the carrier for the whole damage was not improper under the pleadings.

Appeal from the Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by I. Raphiel against the Louisiana Railway & Navigation Company. Judgment for plaintiff, and defendant appeals. Motion to dismiss appeal denied, and judgment affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Breazeale & Breazeale, of Natchitoches, for appellee.

### On Motion to Dismiss Appeal.

By the WHOLE COURT as then constituted.

O'NIELL, J. [1] Plaintiff, appellee, has moved to dismiss this appeal because the testimony, on which the judgment by default was confirmed, was not reduced to writing. He contends that articles 602 and 603 of the Code of Practice, requiring the district judge, under certain circumstances, to furnish a statement of facts upon which the judgment was rendered, do not apply to a case where the judgment went by default, and the testimony was not required to be reduced to writing.

We are not referred to any ruling in support of appellee's contention. On the contrary, in Fletcher v. Ozone Lumber Co., 123 La. 514, 49 South. 158, articles 602 and 603 of the Code of Practice were considered as applicable to a case like this, where judgment had gone by default and the testimony was not reduced to writing.

The district judge certified, in his statement of facts, that counsel for plaintiff and defendant were unable to agree upon a statement of facts.

Counsel for appellee do not deny that the judge's statement of facts is correct. Their contention is merely that the judge's statement cannot be taken as a substitute for an exact record of the testimony which was not required to be reduced to writing. The provisions of the Code of Practice being otherwise, the motion to dismiss the appeal must be overruled. Whether the facts as stated by the district judge are sufficient to sustain the judgment appealed from is the question to be decided when the case shall have been submitted on its merits.

The motion to dismiss the appeal is overruled.

### On the Merits.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. On January 21, 1920, plaintiff confirmed a judgment by default against defendant for the sum of $5,650.52 with legal interest from judicial demand and costs of court. On January 31, 1920, defendant appeared by written motion and prayed the court to reopen the case. It averred in said motion that the court was without jurisdiction either ratione personæ or ratione materiæ, and that plaintiff's petition showed no cause of action. It further averred that the cause was not tried upon its merits be-

cause the defendant, even though petition and citation may have been served as stated, did not know of the institution of the suit by plaintiff until after the judgment was signed; that this situation arose through accident and without any real fault on the part of defendant or its employee, and it prays that in the interest of justice, an order be entered reopening this case and setting same down for prompt hearing on the merits, etc.

To this motion defendant annexed affidavits of W. Coughlin, its vice president, R. B. Brown, clerk or assistant to W. Coughlin, and Messrs. Randolph, Rendall, and Freyer, its attorneys, all of whom swear that they did not know of the pendency of this suit until they were advised that a judgment by default had been confirmed against the defendant. Coughlin does not positively deny that service of petition and citation was made upon him, but he says that on some occasions the deputy sheriff has handed papers to him, when he was busy and absorbed with many matters, and it has been his habit to put the papers aside without reading and thereafter deliver same over to his clerk to be transmitted to the general counsel of the company, Wise, Randolph, Rendall & Freyer; that such has always been his custom, but in this case, if such papers were served on him, he avers that he never examined same, and presumably, if they were left with him, they were handed over as usual to his clerk. Brown says that he has been clerk or assistant to Coughlin for many years in disposing of business in the office of the defendant, that he did not receive any petition or citation in the above case, from Coughlin, nor did he send any such papers to the general counsel of defendant; that, if any such papers were served, he presumes they were lost in the confusion, though diligent search has been made and he has been unable to locate any such papers in the office.

Default was entered in the case on January 1, 1920, and the sheriff's return on the citation shows service to have been made on defendant, December 22, 1919, by handing the papers to W. Coughlin, vice president, in charge of the company's office in the city of Shreveport; the president being at the time absent.

After due hearing, the district court refused to set aside the judgment confirmed on January 21, 1920, and to reopen the case, and the whole matter is now before this court on a suspensive appeal taken by defendant.

Defendant does not pretend that it is entitled to have the judgment appealed from annulled and set aside on the ground that it was not served with a copy of the petition and citation. The affidavits which are annexed to the motion do not negative the fact that service was made on December 22, 1919, in the manner described in the sheriff's return, but they appear, on the contrary, to have been offered with a view of refuting any imputation of negligence on the part of defendant in not appearing in due time to defend itself against the demand of plaintiff. The motion seems to be in the nature of an appeal to the equity power of the court, which, in the absence of positive law, may be exercised for the promotion of justice. C. C. art. 21.

After the trial judge had refused to reopen the case, defendant protested against that ruling, and it obtained a suspensive appeal from the judgment. The evidence offered on the confirmation of default not having been reduced to writing, and the parties having been unable to agree upon the facts, the trial judge wrote a statement of facts which is incorporated in the record.

[2] 1. For the purpose of passing upon defendant's motion to reopen the case, we must assume that defendant was served with a copy of plaintiff's petition and with citation.

Such service is not expressly denied by defendant, and the uncontradicted return of the sheriff must be accepted as showing the truth. This being conceded, there is no principle in law or equity by which a judgment otherwise legally valid, and rendered upon confirmation of a default predicated upon such service, can be set aside in order to afford the defendant an opportunity to make a defense which, notwithstanding the affidavits annexed to the motion, it failed to make within the legal delays. No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice.

[3] 2. On the appeal the only other question to be determined is whether the evidence upon which the trial judge based his conclusion is sufficient to sustain the judgment.

The suit is for damages to 86 bales of cotton shipped over defendant's line of railroad, from Campti to New Orleans, La. The cotton is shown by defendant's bill of lading to have been received by it in good condition and to have been delivered in New Orleans in a damaged condition, the loss upon each bale being shown in detail, and totaling the sum awarded in the judgment. The judge's statement of facts is to the effect that testimony was adduced, showing that the cotton had been left in defendant's railroad yards in New Orleans, standing in water two or three feet deep, and that the statement of the commission merchant shows the amount of the damages.

The statement of facts made by the judge, taken in connection with the exhibits and account sales of the factor who sold the cotton in New Orleans, contained in the record, are sufficient, in our opinion, to sustain the correctness of the judgment.

[4, 5] Defendant in its motion to reopen the case also pleaded the want of jurisdiction ratione materiæ and ratione personæ. Neither of these pleas was argued on this appeal. The second could only have been pleaded in limine and was filed too late; but even if it had been filed in time, could not be maintained, as jurisdiction is conferred by Act 93 of 1888, amended by Act 182 of 1908 and again amended by Act 80 of 1914. The plea to the jurisdiction of the court ratione materiæ, of course, may be noticed at any time, for, if well taken, it nullifies the judgment; but we see no ground and none is suggested upon which it could be maintained.

[6] The original demand in this suit was against Norman Mayer & Co. as well as against the Louisiana Railway & Navigation Company, and plaintiff in his petition, after alleging that the cotton had been greatly damaged while in the possession and control of the two defendants, prayed for judgment in solido against both of them. The defendant railway company who is appellant now contends, in argument, that the possession and control of the cotton in the two defendants was not contemporaneous, that the possession and control was first in the railway company and then passed to the other defendants who are commission merchants in New Orleans, after delivery by the railway company. Defendant therefore further argues from these premises that part of the damage must have accrued while in the possession of the railway company, and part while in the possession of the commission merchant, and therefore that the railway company could not be held for all of the damage. This conclusion on the part of defendant railway company is, in our opinion, a non sequitur, for under the allegation in the petition plaintiff might have shown that the damage was caused by the joint negligence of the two defendants or by the exclusive negligence of the one or of the other.

The trial court rendered judgment against the railway company for the whole damage because evidently the whole damage occurred while the cotton was in the possession and under the control of the railway company.

Defendant also argues that the present case is similar to that of Fletcher v. Ozone Lumber Co., 123 La. 514, 49 South. 158, where this court set aside a judgment confirmed on default, and remanded the cause to be tried de novo. In that case, the court said:

"It may be, and it seems to us more than likely, that in this instance the judge of the district court inadvertently omitted from the statement prepared by him some of the facts necessary to the support of his judgment. * * * In view, therefore, of the fact that, though we cannot upon its face see any reason for holding that the statement in question does not come within the law, there appears, nevertheless, to be a strong probability that it was made in error, and that such error might result in a miscarriage of justice," etc.

The present case presents no such feature, and we therefore do not consider that decision authority for the relief which defendant seeks in the present appeal.

For these reasons the judgment appealed from is affirmed.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.