No. 2880

Second Circuit.

BROWNLEE-WELLS MOTORS, INC., v.
HOLLINGSWORTH

(April 10, 1930. Opinion and Decree.)

T. Overton Brooks, of Shreveport, attorney for plaintiff, appellee.

Crow & Coleman, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff sued defendant in the city court of Shreveport as indorser on a promissory note. Service was made on October 23, 1926. So far as the record discloses, defendant made no appearance. On November 5th, more than ten days after service was made on defendant, judgment was rendered for plaintiff as prayed for. On November 9th, defendant, through counsel, filed a motion to reopen the case, and for a new trial on the grounds that:

"* * * Mover did appear in person at the Court house, but, being unable to get the matter tried, left, and the matter seems to have been taken up and closed in his absence, although he had informed the officers of the Court that he would appear and make defense to the action.

"That mover has a good and valid defense to said action and shows further that he does not owe the debt at all and has other good and valid defenses, such as failure of consideration, etc., which he could and would have urged had he been apprised that the case was coming to trial yesterday.

"That mover has just employed counsel today and intended for him to file an answer to the suit, when, upon an investigation by said counsel, it was ascertained that a pretended judgment by default was rendered, read and signed in said cause yesterday."

The motion to reopen the case is without merit. According to defendant's own allegations, he knew that his case was scheduled to come up on November 5th and he went to the courthouse, but left before the case was called. He alleges that he told "officers of the Court" that he would appear and make defense. That was not sufficient. He should have filed answer or remained in court until the case was called. If he had desired a continuance in order to secure counsel, no doubt the judge would have granted it.

No defect or irregularity appears on the face of the record. The judgment was rendered in an orderly and legal manner.

The judgment recites that the case came on regularly for trial, that evidence was adduced, and "the law and the evidence being in favor thereof, it is ordered, adjudged and decreed that there be judgment, etc." The note sued on and the citation, together with the returns thereon, were offered and filed in evidence, and are in the record.

The judgment was rendered without previous default. Counsel for appellant says in brief that the rule practiced in the city court of granting judgment without previous default is a harsh and unreasonable one. This practice, however, is permissible in city courts. Section 4, Act 28 of 1921, which act pertains exclusively to the city court of Shreveport, reads as follows:

"That prior defaults shall not be necessary to final judgment in any cases."

See, also, Act 151 of 1928; section 51, art. 7, Constitution of 1921.

It is alleged in the motion to reopen the case that defendant had valid defenses which he could and would have urged. In the case of Stout vs. Henderson, 157 La. 169, 102 So. 193, the court quoted approvingly the following from the case of Rhapiel vs. La. Ry. & Nav. Co., 155 La. 590, 99 So. 459, 461:

"No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice."

The same applies to judgments rendered in the city court of Shreveport in strict conformity with Act 28 of 1921, which puts into effect section 51 of article 7 of the Constitution of 1921, and regulates the practice in the city court of Shreveport.

The judgment appealed from is affirmed, with costs.