RODRIGUEZ & ARIEUX v. HARDOUIN

(December 15, 1930. Opinion and Decree.)

Joseph Rosenberg, of New Orleans, attorney for plaintiffs, appellants.

R. H. Burton, of New Orleans, attorney for defendant, appellee.

## JUDGMENT ON MOTION TO DISMISS

PER CURIAM. The ground upon which this motion is based is the alleged failure of the clerk to include in the transcript evidence adduced in the original trial of the case; the appeal having been taken from a judgment rendered upon a second trial following the granting of a new trial.

Assuming that this issue may, with propriety, be raised on a motion to dismiss, it is clear that, where a new trial is granted, the case is tried de novo, and the appeal is taken from the judgment rendered on the new trial. The record need contain only the testimony adduced on the second trial.

For the reasons assigned, the motion to dismiss the appeal is overruled.

Motion to dismiss denied.

JANVIER, J. This case presents a rather unusual question, viz.: Whether the holder of a check made payable to his order may bring suit against the drawer of the check without proving that the check was presented to the drawee for payment and that payment was refused. Plaintiffs contend that defendant was indebted to them for $150, and gave them his check payable to their order, dated June 27, 1927, and drawn on the St. Bernard Market branch of· the Canal Bank & Trust Company, and that when the check was presented for payment, the bank refused to honor it, advising the person who presented it that the drawer had not sufficient funds on deposit.

Defendant sets up two defenses: First, that the check had never been presented for payment; and second and in the alternative, that the debt for which the check was given in payment has been novated.

The trial court held that the two defenses were inconsistent, and required the defendant to elect on which one of the two he would stand. His counsel thereupon decided to rely solely upon the contention that the check had never been presented for payment.

The evidence on this question is conflicting, but the trial court resolved the doubt in favor of the defendant, and held that the plaintiffs had never endorsed nor presented the check.

Plaintiffs counter now with the suggestion that presentment is not necessary, and that the only effect of failure to present a check for payment is that a plea of prematurity may be filed, and that defendant,

by depositing the amount of the check, may require the plaintiffs to pay the court costs.

The situation however does not seem to be so simple as is contended for by plaintiff. Where a person to whom money is due accepts from the debtor an order on some one else, he must call on that other for payment before he can sue his original debtor.

In the Negotiable Instrument Law of Louisiana, Act No. 64 of 1904, it is provided in section 70 that:

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers."

It is evident that section 70, from which we have quoted above, is intended to apply to checks, because section 185 of the act provides as follows:

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

In Mechanics' & Traders' Insurance Co. v. Temple S. Coons, 35 La. Ann. 364, the Supreme Court of Louisiana said:

"The holder of a check, in order to recover against the drawer, must prove due presentment and notice of non-payment, or some legal excuse for the absence thereof.

"Where there is no evidence on these points, he will be nonsuited."

In Succession of Kercheval, 14 La. Ann. 457, appears the following:

"There is no evidence that the check was presented for payment and protested; nor that the drawer had funds in the hands of the drawee. It was the duty of the holder of the check to prove these facts in order to save his recourse upon the drawer and the indorser."

That this rule requiring presentment as enunciated by the two early decisions of our Supreme Court from which we have above quoted has not been affected by the Negotiable Instrument Act is apparent. Joyce in "Defenses to Commercial Paper," page 1062, vol. 2, sec. 745, says:

"The general rule requiring presentment for payment in order to bind drawers and indorsers was a well established rule prior to the enactment of the Negotiable Instrument Act, as well as since."

The long delay of the holders of the check in bringing this suit—it not having been filed until nearly three years after the date of the check—may indicate that other negotiations between the parties have novated the original debt, and, if the check were now presented and suit brought as the result of the failure of the bank to honor it, that the original drawer could set up the real defense. At any rate, the trial court held that the check was not presented for payment, and, since the evidence on this question of fact does not convince us that such holding was erroneous, we are of the opinion that the present suit must fail.

It is therefore ordered that the judgment appealed from, which was one of non-suit, be, and is, affirmed.