## CUTRER v. CUTRER.

### No. 1638.

Court of Appeal of Louisiana. First Circuit.

Oct. 7, 1936.

Mat J. Allen, of Amite, for appellant.

Robt. S. Ellis, of Amite, for appellee.

OTT, Judge.

Plaintiff sues to collect from the defendant the sum of $195, with legal interest from judicial demand, being the amount alleged to be due on the purchase price of four cows at $40 each and three heifers at $20 each, making a total of $220 on which defendant paid $25, leaving said balance of $195. A writ of sequestration issued, and the cattle were seized. Citation was served on defendant in person on October 30, 1935. On November 15, 1935, a preliminary default was entered against defendant, and, on the failure of defendant to make any appearance, a judgment by default was rendered and signed on November 22, 1935.

On the same day, but after the judgment was signed, the defendant filed a motion for a new trial on the ground that he did not owe plaintiff any amount whatever, and the said judgment was obtained by fraud and on the perjured testimony of plaintiff. This motion for a new trial was referred to and overruled by a different judge than the one who rendered and signed the judgment on November 22d. Defendant has appealed from the judgment and rests his complaint on the refusal of the lower court to grant the new trial. He is before this court asking that a new trial be ordered and the case remanded.

Article 558 of the Code of Practice provides, that a party who believes himself aggrieved by the judgment given against him may, within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted, if there be good ground for same. Practically the same provisions are made for a rehearing under Act No. 10 of 1926.

Even though the motion for a new trial was filed after the judgment was signed, yet as it was filed within three days of the rendition of the judgment, the motion was timely filed and had the effect of suspending the judgment until the motion was acted on by the court. McWillie v. Perkins, 20 La.Ann. 168. Therefore, the sole question presented on this appeal from the judgment rendered and signed on November 22, 1935, is whether or not the trial judge abused his discretion in refusing to grant a new trial.

The granting or refusal of a new trial is so largely within the discretion of the trial judge that his ruling in that respect will not be disturbed by an appellate court, unless he has clearly and manifestly abused his discretion, and unless it appears that substantial injustice has been done by his actions. It is also true that the courts will lend their aid in giving a litigant his day in court and an opportunity to present his case.

However, while the law protects with meticulous care the right of a litigant to be heard, yet it has surrounded that right with certain definite and inflexible rules: Restrictions as to the time for presenting his claim and regulations as to the manner of presenting and hearing his claim are prescribed. While the law affords the litigant ample opportunity to have his case heard, at the same time it expects him to use some care and diligence in presenting his case.

In the motion for a new trial the defendant makes no effort to excuse his failure to answer the suit within the time prescribed by law. He was served personally more than 15 days before the default was entered and more than 22 days before this default was confirmed. If defendant had set up in his motion reasonable facts to explain and excuse his failure to make an appearance until long after the expiration of the legal delays, we have no doubt but that the trial judge would have heard his excuse, and, if he thought it well founded, doubtless would have granted his motion

and reopened the case. Had the judge not done so, we would then have been in position to determine whether or not he abused his discretion. As it is, we must assume that the judge did not have before him sufficient facts to show a reasonable excuse for the failure of the defendant to appear before judgment. In the cases which we have read involving the granting or refusal of a new trial, there has been some allegation of facts and proof to explain the failure to appear where judgment was rendered by default. Particularly was this true in the case of Burthe v. Lee (La.App.) 152 So. 100, cited by learned counsel for defendant. But where the defendant fails to make his defense in time and fails to allege and prove sufficient grounds to excuse his nonappearance, the courts will not only refuse, but are not permitted, to disturb the default judgment. Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459, 461; Stout v. Henderson, 157 La. 169, 102 So. 193. In the former case the Supreme Court said: "No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice."

The record shows that the defendant offered several witnesses on the hearing of his motion to prove that he did not owe plaintiff the debt. The judge refused to hear these witnesses. We think his action was correct, as this testimony merely tended to support a probable defense to the suit which was not then before the court; the matter before the court on the motion was whether or not facts were alleged and proved to excuse the failure to plead this defense in time.

Counsel for defendant cite the case of Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711, where a default judgment was set aside and the case remanded for trial to enable the defendant to make a defense. But it will be noted in that case that the judgment was set aside and a new trial ordered for the reason that the evidence on which the default was confirmed was not sufficient.

In the present case, according to an agreement in the record, the judgment confirming the default was based on the testimony of the plaintiff alone, who swore to all of the material facts on which he based the suit. The trial judge must have believ-

ed his testimony. We are not in a position to hold that the testimony was not sufficient to serve as a basis for the default judgment.

For the reasons assigned, the judgment is affirmed, with costs in both courts.