## FLORSHEIM SHOE CO. v. CHAS. UNTER & SON, Inc.

### No. 5392.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Russell E. Gahagan, of Natchitoches, and Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

HAMITER, Judge.

Plaintiff, an Illinois manufacturer, alleges in its petition that between the dates of September 10, 1934, and February 20, 1935, both dates inclusive, it sold and delivered certain shoes to the defendant corporation, a mercantile establishment in the city of Natchitoches, for the agreed sum of $591.41; that the purchase price has not been paid; that it has a vendor's lien and privilege upon the said shoes; and that it fears that the defendant will conceal, part with, or dispose of the said shoes, in its possession, during the pendency of this suit. Plaintiff prayed for the issuance of a writ of sequestration and the seizure of the purchased articles, and for a final judgment for the amount of its claim and the maintenance of the writ.

Presumably the writ of sequestration was issued and executed in accordance with the prayer of plaintiff's petition. Testimony in the record refers to its issuance and execution, and plaintiff's counsel, in their brief, state that it was issued. However, the record does not contain the writ itself, or, consequently, the return of the sheriff with reference to a seizure thereunder; nor is it disclosed that such writ was ever offered in evidence during the trial of the case.

Defendant, through its counsel, moved to dissolve the writ of sequestration on the ground that the allegations of fact in the petition on which the writ was founded were false and untrue to the knowledge of plaintiff. Incorporated in the motion is a prayer for damages alleged to have been experienced by defendant because of the claimed illegal issuance of the writ and the seizure thereunder.

After the trial of the motion, there was judgment dissolving and setting aside the writ of sequestration, and awarding damages to defendant in the amounts of $75 as attorney's fees, $350 for injuries resulting to its credit, and $200 as exemplary damages. Plaintiff appealed devolutively from that judgment.

In this court appellee has answered the appeal asking for an increase in the amount of damages awarded.

Appellant has filed here a plea of estoppel and an alternative motion to remand.

It is our opinion that the ends of justice require that we reverse the judgment of the district court and remand the case for the purpose of affording both parties a new trial. The evidence in the record is too uncertain and is insufficient to permit our pronouncing definitely on the cause. As we have heretofore observed, the writ of sequestration alleged to have been issued is not before us. Even assuming that it was issued, it does not conclusively appear than an actual seizure was made. Also, the proof offered in support of the validity of the writ, the alleged damages suffered by defendant, and other issues presented, is vague and indefinite.

There is testimony in the record, furnished by defendant's president, indicating that defendant was forced into involuntary bankruptcy subsequent to the filing of this suit, and that it effected a 20 per cent. composition with all of its creditors in that proceeding. According to plaintiff's counsel, the bankruptcy proceedings, including the composition made therein, had a material bearing on the issues presented by defendant's motion to dissolve. Yet there is no proof of the facts relating to that matter.

Recognition of the unsatisfactory condition of the record has been displayed by counsel for each party. Plaintiff's legal representatives have tendered an alternative motion to remand, as we have above stated, in which they assert the vagueness of the evidence. Defendant's counsel have filed in this court, since the argument and submission of the case, an application for a writ of certiorari praying that B. S. Swett, clerk of the trial court, be commanded to complete the transcript of appeal filed in this case by making a part thereof the above-mentioned writ of sequestration.

The course which we are pursuing herein is authorized by the statute law and the jurisprudence of this state. Code Prac. art. 906; Fletcher v. Ozone Lumber Co., 123 La. 514, 49 So. 158. We believe that by having the case tried anew, the interests of justice will be best subserved.

184

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and that the case be remanded to said court to be there tried de novo.

Appellant shall pay the costs of this appeal, while all other costs shall await the final disposition of the controversy.