55 So.2d 896

## DE FRANCES v. GAUTHIER.

No. 39417.

Dec. 10, 1951.

R. W. Williams, Jr., W. P. Macmurdo, Baton Rouge, for defendant-appellant.

·Clint L. Pierson, John L. Avant, Baton Rouge, for plaintiff-appellee.

HAWTHORNE, Justice.

Plaintiff instituted this suit seeking judgment against the defendant in the sum of $2500.00, the aggregate amount of eight checks made and drawn by the defendant, of which plaintiff alleged he was the owner and holder. In due course there was judgment by default for the full amount sued for, and the judgment confirming this default was rendered and signed in open court on the 13th day of January, 1949. Within the judicial delay of three days, Code Prac. art. 558, defendant filed a motion seeking to have the default judgment set aside and a new trial granted on the ground that the checks described in the plaintiff's petition were issued in payment of various gambling debts and did not represent an enforceable indebtedness on his part. The lower court overruled the motion, and defendant has appealed.

The default judgment recites that it was rendered after plaintiff had offered due proof of his demand;· and under this recitation it must be presumed that the judgment was based upon sufficient proof and that defendant was served with a copy of plaintiff's petition and with citation. Stout v. Henderson, 157 La. 169,· 102 So. 193. Moreover, defendant does not contend that he was not served with citation and a copy of plaintiff's petition.

■■■ It is well settled that· he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit. This is the ruling announced in Cutrer v. Cutrer, 169 So. 807, decided by the Court of

Appeal, First Circuit, with which we fully agree. Further, as was said in Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459, 461, " * * * No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice". See also Stout v. Henderson, cited supra; Brownlee-Wells Motors, Inc., v. Hollingsworth, 13 La.App. 19, 127 So. 754; Cutrer v. Cutrer, supra.

In the instant case, defendant in his motion for a new trial failed to set forth any good reason or cause which would explain or excuse his failure to appear timely and plead to the suit, and the trial court therefore correctly overruled his motion because, after a default judgment has been rendered, it is too late to question the morality of the consideration for the transaction sued upon, Campbell v. Gullo, 142 La. 1082, 78 So. 124, 125, L.R.A.1918D, 251, and that defense of itself is not sufficient to warrant the granting of a new trial.

This court said in the Gullo case: "After judgment has been rendered for a debt it is too late to be questioning the morality of its consideration. All issues that might have been raised in defense to a suit in which judgment has been rendered are forever foreclosed by the judgment. Res judicata which, as has been said, can make black white and the crooked straight can, and does, purge the debt of all impurities. Therefore in this case, were the demand for vacation of judgment founded upon the immorality of the lease contract, it would be foreclosed by the judgment sought to be vacated; for this immorality could have been pleaded in defense to the suit. * * * "

The granting or refusal of a motion for a new trial, when the ground is not one of those contained in Article 560 of the Code of Practice, is within the discretion of the trial judge, and his action in granting or refusing the new trial will not be disturbed by this court on appeal unless it clearly appears that he has abused his discretion. In the instant case, since the defendant failed to appear timely and urge his defense, and permitted a default judgment to be rendered against him and made no effort to explain his failure to appear timely, we do not think that the trial judge has abused the discretion vested in him.

Appellant in support of his contention that he is entitled to a new trial cites and relies on Succession of Robinson, 186 La. 389, 172 So. 429. That case is not pertinent or in point and does not support his contention because there the appellant was not seeking to have a new trial granted after judgment had been rendered against him by default.

In this court, appellant is also urging an exception of no cause of action. The basis of this exception is that the peti-

tion is insufficient in that it does not allege presentment of the checks to the drawee for payment. There is no merit whatsoever in this contention, as Paragraph 5 of plaintiff's petition plainly states: "That payment for said checks has been refused by the drawee bank and the defendant has failed and refused to pay the same although repeated demands have been made upon him to so pay said checks." The case of Rodriguez & Arieux v. Hardouin, 15 La. App. 112, 131 So. 65, 593, cited by appellant, is not in point or pertinent.

■ Appellant has filed in this court an affidavit executed by him alleging facts, not urged in the court below, which he contends would entitle him to a new trial. The jurisdiction of the Supreme Court in a case such as this is only appellate and not original, and we cannot, for the purpose of deciding the case, receive original evidence or consider documents not introduced or filed in the court below. Art. 894, Code of Practice; Wilkin-Hale State Bank v. Tucker, 148 La. 980, 88 So. 239; Saenger Amusement Co., Inc., v. Masur, 158 La. 745, 104 So. 701; Otero v. Ewing, 165 La. 398, 115 So. 633; Wilson v. Wilson, 205 La. 196, 17 So.2d 249; Lopez v. Lopez, 208 La. 313, 23 So.2d 104.

■ Although there are some cases in our jurisprudence where the rule announced above has been somewhat relaxed, and where this court has considered the evidence, in these cases certain facts which were not denied occurred after the appeal, and it would have served no useful purpose to remand a case for the lower court to consider facts which were not denied. See Wilson v. Wilson, cited supra. There is also authority for the proposition that, although this court will not consider evidence filed herein which was not introduced and filed in the lower court, it will, in furtherance of justice and to avoid a multiplicity of suits, set aside a judgment and remand a case so that such evidence may be filed and considered by the court below. As heretofore stated, in the affidavit filed in this court appellant sets forth for the first time facts which he contends would entitle him to a new trial. Pretermitting the question of whether the lower court could properly consider these additional grounds if objected to on the basis that they had not been timely made, we find no merit therein, and it would serve no useful purpose to remand the case.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.

MOISE, J., takes no part.