HERGET, Judge.
On February 7, 1955 suit was instituted by Friendly Loans, Incorporated, alleging that it was duly qualified to do business under the Small Loan Law, LSA-R.S. 6:571 et seq. and that the defendant had executed a promissory note payable to plaintiff in the sum of $300 together with interest at the rate of 3i/¿% per month from July 11, 1953 on that part of the unpaid principal balance not in excess of $150 and with interest at the rate of 2i/¿% per month on the remainder of the unpaid principal in excess of $150 unless said principal is not paid by November 11, 1956, in which case the interest due after that date would be 8% per annum on the unpaid principal together with 20% on principal and interest as stipulated attorney’s fees. It was alleged that certain payments had been made upon the note and there was a balance due on the principal of $209.55 plus interest, attorney’s fees and costs.
A preliminary default was taken on March 16, 1956.
On March 19, 1956 an answer was filed by the defendant in the form of a general denial and in the answer it was further averred that $300 was the amount of the note and that the defendant had paid the sum of $316 which was sufficient to pay the accrued legal interest; it being alleged that interest over the sum of 8% per an-num is usurious and that the entire obligation is null and void and, in the alternative, defendant “pleads usury in avoidance and for nullification of the entire transaction and note sued upon.”
The case was assigned for trial for June 5, 1956. However, the minutes reflect that by consent it was reassigned for June 20, 1956.
On June 5, 1956 counsel for plaintiff appeared in court for the trial of the case and the attorney for the defendant was absent from court. Following an unsuccessful effort by the Trial Judge to contact the attorney and have him appear in court for the trial, the Trial Court ordered the matter tried, the defendant being present in proper person. At that trial, according to the transcript, the attorney for the plaintiff offered in evidence a statement showing the amounts paid by defendant which statement is not in the record. Further, the attorney *925 for the plaintiff testified that a check for $110 had been received by plaintiff on which was noted that check was in full payment of the account and as it was not sufficient to discharge the whole obligation the check was returned to the defendant.
On June S, 1956 the Trial Judge rendered judgment in favor of plaintiff and against defendant as prayed for.
A motion for a new trial was filed by counsel for the defendant on the ground that the matter had been tried without assignment and according to the minutes “the case was reopened and testimony of Georgie Mae Buchanan taken” on September 7, 1956. This testimony is not in the record.
On January 18, 1957 judgment was reren-dered in the matter reducing the interest to 8% per annum on the note for the reason that there was no evidence in the record establishing the fact that plaintiff was duly licensed and was operating under the Small Loan Law and therefore entitled to charge interest greater than 8% per annum. The judgment cast plaintiff for costs incurred after May 11, 1955 when the alleged balance of $110 was tendered and unaccepted by plaintiff.
The judgment of January 18, 1957 was read and signed on September 26, 1960 when it was ordered that there be judgment in favor of plaintiff and against defendant in the full sum of $110 which includes all interest, court costs and attorney’s fees as of May 11, 1955, all costs since that date are to be taxed against the plaintiff. It was further ordered that the interest rate should be fixed at 8% per annum and plaintiff’s demand for interest rate under the Small Loan Law is denied.
From this judgment plaintiff appealed.
In this Court appellant contends that the Trial Court should have sustained a plea of prescription of one year to the plea of usury and, further, that defendant’s plea of usury is too vague to be definitive. In view of our conclusion as to the decision to be rendered by this Court, we find it unnecessary to pass upon these contentions.
The record in this case is not complete. Evidence said to be offered does not accompany the transcript and testimony indicated to have been taken is not before us. In addition, according to the minutes, the trial of this case was assigned by consent of the parties for June 20, 1956 and for reasons unknown to us it was actually tried on June 5, 1956 without the presence of defendant’s attorney.
Following an application for a rehearing, it appears that the case was reopened and testimony of the defendant elicited, which is not in the record but the Trial Judge disallowed admission of further evidence by plaintiff that it had complied with the Small Loan Act and therefore was entitled to charge the rate of interest set forth in the note which is in excess of 8% per an-num.
Upon the granting of a new trial the case should have been tried de novo. Rodriguez and Arieux v. Hardouin, 15 La.App. 112, 131 So. 65.
Article 2164 of the LSA-Code of Civil Procedure, Vol. 5, provides:
“Scope of appeal and action to be taken; costs
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
We are of the opinion that the ends of justice would be served by remanding this case to the District Court for trial de novo on all the issues presented at the cost of ap-pellee for costs presently incurred. Future costs to be fixed upon the trial of the case on remand.
Case remanded.