BARNETTE, Judge.
The defendant, Mabel Scott, has appealed devolutively from a judgment on confirmation of default in favor of the plaintiff, Community Construction Company, Inc.
The record on appeal contains the following :
1. Plaintiff’s petition which is a suit on a promissory note in the principal sum of $2,399.76 on which certain payments allegedly had been made, leaving a balance due of $1,599.84. The note executed by Mabel Scott to “Bearer” is paraphed for identification with a mortgage of the same date, September 28, 1967. Suit was filed on June 2, 1969.
2. Citation with the sheriff’s return showing personal service on June 2, 1969.
*169 3. An extract of the minutes of the court showing default entered on June 20, 1969.
4. A judgment on confirmation of default in favor of the plaintiff for the amount alleged due with interest and attorney’s fees dated June 25, 1969.
5. A petition for appeal filed August 21, 1969, and the order for devolutive appeal granted on the same date with waiver of the appeal bond under the provision of law for indigent litigants.
6. Notice of appeal.
7. The certificate of the clerk of court.
Filed in this court with the foregoing pertinent record and contained within the file holder, but forming no part of the record on appeal, are pleadings purporting to be a petition for nullity of judgment and certain papers relating to the execution of the judgment on a writ of fieri facias and certain other nonrelevant matters. We have given no consideration to the matters not properly a part of the record on appeal.
In this court the appellant’s counsel has pointed to no error in the proceedings below and we find none patent on the record. The judgment by default appears to have been rendered in accordance with law.
Appellant’s counsel has based the appeal on what he terms as equitable principles of law and seeks a reversal and remand for further proceedings in the trial court, as he says, to give defendant her day in court.
The appellant vigorously argues that in the interest of justice this is a proper case for this court to exercise its discretionary authority to remand, citing LSA-C.C.P. arts. 2082 and 2164 and Cognevich v. Blazio, 159 La. 1019, 106 So. 550 (1925); Williams v. United States Casualty Company, 145 So.2d 592 (La.App. 4th Cir. 1962); Washington v. Hendrix Manufacturing Co., 106 So.2d 528 (La.App. 2d Cir. 1958). We are fully aware of our authority under the provisions of LSA-C.C.P. art. 2164 to remand a case for further proceedings under circumstances which in our discretion warrants such action, but the cited cases upon which counsel for appellant relies give no support to his argument under the circumstances of this case. Cognevich v. Blazio, supra, is not even closely analogous. The Williams and Washington cases are workmen’s compensation suits. In Williams this court held, inter alia, that in workmen’s compensation cases the liberal interpretation as opposed to technical application of the laws should be followed by the appellate court as well as the trial court. In recognition of this principle and in the interest of justice we did exercise our discretion to remand. In Washington the court exercised its discretion in the interest of justice to give the unsuccessful plaintiff an opportunity to offer new medical evidence which, under the circumstances, was a very proper exercise of its authority.
It has been firmly established in our jurisprudence that courts will afford relief against judgments which have been granted under such circumstances that their enforcement will be unconscionable and defeat the ends of justice. In the following cases (which is by no means a complete list) this principle of law was invoked: Nessans v. Colomes, 130 La. 375, 57 So. 1010 (1912); Pertuit v. LeBlanc, 216 So. 2d 863 (La.App. 2d Cir. 1968); McKinney v. Levy, 212 So.2d 279 (La.App. 3d Cir. 1968); Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1st Cir. 1963); Pfeiffer v. Hemisphere International Corp., 153 So.2d 467 (La.App. 4th Cir. 1963); and Bell v. Holdcraft, 196 So. 379 (La.App. 2d Cir. 1940).
Appellant’s counsel has attached to his brief in this court an affidavit of the attorney who initially represented the defendant in which he, the affiant, assumes responsibility for not timely filing an answer. Additionally he referred to various letters and other communication with plain *170 tiff’s original attorney m an attempt to show a breach of professional courtesy. None of this is properly a part of the record on this appeal.
In some of the above-cited cases the appellate court based its decision on showings made by affidavit that there had been a breach of an agreement between the opposing attorneys or a violation of the tacit understanding established by custom that a default would not be confirmed without advance notice to opposing counsel. In others it was made to appear by affidavit that the defendant did have an apparently valid defense which, through no fault of his, he was deprived of an opportunity to present. We have considered the affidavit attached to appellant’s brief (but not the other non-record matters) for the limited purpose of determining if a showing has been made of such extraordinary circumstances as to warrant the exercise of our discretion to set aside the judgment rendered and remand the case for trial. We have concluded that this is not a case which justifies such action.
As indicated above, we know that a petition for nullity of judgment has been filed under the docket number and title of this case in the court below. We have no doubt that the trial court will give due consideration to defendant’s complaints and will render such judgment as the facts and equities justify.
If the defendant-appellant had a valid defense it is most regrettable that she has not had an opportunity to present it.. Whatever recourse she may have for not having had her day in court does not address itself to us on this appeal.
The orderly administration of the judicial process requires the enforcement of rules of procedure. When judgments have been entered in accordance with the rules of procedural law they must be given finality or the judicial process will be thrown into chaos. If the judgment was obtained through fraud or other ill practice, there is an adequate remedy at law for the defendant’s relief. LSA-C.C.P. art. 2004.
The judgment appealed is affirmed, at appellant’s cost.
Affirmed.