HOOD, Judge.
This is an action for damages resulting from a motor vehicle collision. A default judgment was rendered by the trial court in favor of plaintiff, Abel Hardy, Sr., against Raymond Kidder, one of the defendants. Defendant Kidder filed a motion for a new trial which was denied by the trial court, and Kidder thereupon appealed.
The sole issue presented here is whether there was an abuse of discretion on the part of the trial court in denying defendant’s motion for a new trial.
The accident which gave rise to this action occurred on July 19, 1968, and this suit was instituted approximately one year later, on July 18, 1969.
Shortly after the suit was filed, Kidder instituted bankruptcy proceedings in the United States District Court for the Western District of Louisiana. He included in the schedules filed in that proceeding the claim being asserted by plaintiff in this suit as one of the debts from which he sought to be released. He was adjudged a bankrupt by that court on September 12, 1969.
On September 23, 1969, upon application of defendant, through his attorneys, a stay order was issued by the trial court staying these proceedings “until the question of the bankruptcy discharge is determined by the United States District Court, or the bankrupt waives or loses his right to a discharge, all as provided in Section 11(A) of the Bankruptcy Act.” Kidder was granted a discharge in bankruptcy by the United States District Court on August 18, 1970.
Plaintiff had a preliminary default entered against defendant in this proceeding on November 20, 1970, or approximately three months after the defendant had obtained his discharge in bankruptcy. Defendant has never filed an answer, and the default taken on the above mentioned date-was confirmed on February 19, 1971. Judgment was rendered by the trial court on that date in favor of plaintiff and against the defendant.
Defendant Kidder filed a motion for a new trial on February 25, 1971, alleging as grounds therefor that the judgment “is clearly contrary to the law and the evidence and upon further suggesting that there is good grounds for a new trial, in accordance with article 1973 of the Code of Civil Procedure.” The motion was taken under advisement, and it was denied by the trial court on November 30, 1971. Kidder timely appealed.
Defendant asserts that he had a good defense to the suit which was not presented due to his attorney’s oversight and neglect in failing to file an answer to plaintiff’s petition. He contends that his discharge in bankruptcy is a valid defense which was available and could have been proved by substantial evidence, and that this defense was not presented solely because of the neglect or oversight of his retained counsel. He argues that under those circumstances justice demands that a new trial be ordered, and that the trial judge abused his discretion in failing to do so.
Kidder has alleged no peremptory grounds for the granting of a new trial as provided in LSA-C.C.P. art. 1972, and he does not contend that the judgment was obtained by fraud or ill practices, as those terms as used in Article 2004. His demand for a new trial, in the trial court and on appeal, is based solely on the discretionary *584 grounds for such relief provided in Article 1973 of the Code of Civil Procedure.
The granting or refusal of a motion for a new trial, when the ground is not one of those listed in LSA-C.C.P. art. 1972, is within the discretion of the trial judge, and his action in granting or refusing the new trial will not be disturbed on appeal unless it clearly appears that the trial judge has abused his discretion. De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951).
In De Frances v. Gauthier, supra, our Supreme Court said:
“It is well settled that he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit.”
The Supreme Court also stated in Raphael v. Louisiana Ry. and Nav. Co., 155 La. 590, 99 So. 459 (1924), that:
“For the purpose of passing upon defendant’s motion to reopen the case, we must assume that defendant was served with a copy of plaintiff’s petition and with citation. Such service is not expressly denied by defendant, and the un-contradicted return of the sheriff must be accepted as showing the truth. This being conceded, there is no principle in law or equity by which a judgment otherwise legally valid, and rendered upon confirmation of a default predicated upon such service, can be set aside in order to afford the defendant an opportunity to make a defense which, notwithstanding the affidavits annexed to the motion, it failed to make within the legal delays. No court may legally set aside and avoid a judgment by default, confirmed in strict conformity with all the requirements of law, in order to afford defendant an opportunity to offer a defense solely on the alleged ground that such action would be in furtherance of justice.”
Defendant has not alleged or proved any error or delay in citation or the service of process, and the record indicates that the default was confirmed in strict conformity with all of the requirements of law.
Under the established jurisprudence, defendant is not entitled to have the case reopened by the granting of a new trial, unless he alleges and proves that he had good reasons for his failure to appear and timely plead. See also Pryor v. Gions, 188 So.2d 739 (La.App. 2 Cir. 1966); Cutrer v. Cutrer, 169 So. 807 (La.App. 1 Cir. 1936); Landry v. Park Wood Products, Inc., 201 So.2d 306 (La.App. 3 Cir. 1967).
This suit was not filed until almost one year after the accident occurred, and it remained pending for more than 19 months before a default judgment was rendered against the defendant. Kidder engaged counsel shortly after the suit was filed. He obtained his discharge in bankruptcy about six months before the judgment was obtained, and his defense based on that discharge thus was available to him for that period of time. Despite all of these delays, he has never filed an answer or joined issue in this case. The only pleadings which he filed prior to the rendering of judgment was the above mentioned motion to stay the proceedings pending his application for a discharge in bankruptcy. The sole reason assigned for his failure to file an answer is *585 that his retained counsel neglected to do so. The record shows that defendant had ample time within which to discuss the matter with his attorney after the discharge was granted and before judgment was rendered. It is reasonable to speculate that proper pleadings may have been filed if Kidder had contacted his attorney during that time. We do not feel that the neglect of counsel to file an answer is sufficient reason for granting a new trial in this case, under the circumstances presented here. See Community Construction Company v. Scott, 235 So.2d 168 (La.App. 4 Cir. 1970); Ardoin v. Robinson, 129 So. 2d 105 (La.App. 2 Cir. 1961); Pryor v. Gions, supra.
An issue somewhat similar to that presented here was considered in O’Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 4 Cir. 1970), and there the court said:
“A bankruptcy discharged is expressly mentioned in LSA-C.C.P. Art. 1005 as one of the affirmative defenses that must be set forth in an answer. Therefore, appellee’s failure to plead the affirmative defense of a discharge in bankruptcy prior to a default judgment rendered subsequent to his discharge constituted an effective waiver of this personal defense, and it cannot now be invoked to bar the enforcement of that judgment . . . ”
We recognize the rule that courts will afford relief against judgments which have been granted under such circumstances that their enforcement will be unconscionable and will defeat the ends of justice. Community Construction Company v. Scott, supra. We have concluded, however, that no such circumstances exist here.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.